

**United States District Court**
**DISTRICT OF OREGON**
1227 United States Courthouse
1000 S.W. Third Avenue
Portland, Oregon 97204

Chambers of
**YOULEE YIM YOU**
United States Magistrate Judge

October 11, 2023

Re:   Matter of Recusal, *County of Multnomah v. Exxon Mobil Corporation, et al.*, Case No.
3:23-cv-1213-YY

Dear Plaintiff's Counsel:

Thank you for your email in response to my notice that Michael Estok, an attorney for

one of the defendants in this case, represented me in a real estate matter 12 years ago.  Upon

conducting further research, I conclude there is no basis to recuse myself and therefore I must

decline to do so.

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, magistrate or referee in bankruptcy

of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned."[1]  Similarly, the Code of Conduct for United States Judges, Canon

3C(1), states that "[a] judge shall disqualify himself or herself in a proceeding in which the

judge's impartiality might reasonably be questioned."

"Section 455(a) puts the judge under a self-enforcing obligation to recuse himself where

legal grounds exist for disqualification."  *United States v. Jaramillo*, 745 F.2d 1245, 1248 (9th

Cir. 1984).  The judge's decision is reviewed for an abuse of discretion.  *Yagman v. Republic*

*Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  The standard under 28 U.S.C. § 455(a) is an objective

---

[1] "Where the ground for disqualification arises only under subsection (a), waiver may be
accepted provided it is preceded by a full disclosure on the record of the basis for
disqualification."  28 U.S.C. § 455(e).  Based on plaintiff's request that the "case be reassigned,"
it is apparent that plaintiff is not waiving here.

one that involves "a fact-specific inquiry that should be guided by the circumstances of the specific claim." *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010); *see also United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) ("Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case.").  "If it is a close case, the balance tips in favor of recusal."  *Holland*, 519 F.3d at 912.

Canon 3(C)(1) cites to instances that necessitate recusal, none of which are applicable here.  Nor do the facts of Mr. Estok's prior representation provide an objective basis upon which my impartiality might reasonably be questioned.  Mr. Estok's representation pertained to a personal real estate matter that bears no relation, either factually or legally, to this action in which Multnomah County alleges that the 25 defendants "execut[ed] . . . a scheme to rapaciously sell fossil fuel products and deceptively promote them as harmless to the environment, while they knew that carbon pollution emitted by their products into the atmosphere would likely cause deadly extreme heat events like that which devastated Multnomah County in late June and early July 2021."  First Am. Compl. 2, ECF 2-1 at 178.  The issues are so dissimilar that my ability to impartially preside over this case cannot be reasonably questioned on that basis.  *See Sonner v. Filson*, No. 200CV01101KJDCWH, 2017 WL 3741975, at *10 (D. Nev. Aug. 29, 2017), *amended,* 2018 WL 11314835 (D. Nev. Aug. 20, 2018) (finding no basis for recusal where the attorney represented the judge "in a civil matter wholly unrelated to" the pending case).

Also, Mr. Estok's representation terminated 12 years ago, in 2011, and never extended beyond the attorney-client relationship.  Courts have found that recusal is not required where two years has elapsed since the attorney's representation of a judge.  *See Duke v. Pfizer, Inc.*, 668 F. Supp. 1031, 1035-38 (E.D. Mich. 1987) (finding recusal was not required where two years had passed since the attorneys' representation of the judge), *aff'd*, 867 F.2d 611 (6th Cir. 1989);

*Carbana v. Cruz*, 595 F. Supp. 585, 589 (D.P.R. 1984) (recusing for a two-year period where the attorney had represented the judge and was a former law partner), *aff'd,* 767 F.2d 905 (1st Cir. 1985); *see also Morgan Stanley & Co. v. Sundlun*, No. 88 CIV. 7966 (CSH), 1988 WL 130937, at *4 (S.D.N.Y. Nov. 30, 1988) (recusing due to current representation by counsel, but recognizing that "under the objective rule, a significant distinction exists between past and present representation," and noting that no recusal is required after the representation has concluded). A similar standard applies where a judge previously represented one of the parties. *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1166 (5th Cir. 1982) (holding the fact that a trial judge once represented Texaco "does not forever prevent him from sitting in a case in which Texaco is a party"); *In re Martinez-Catala*, 129 F.3d 213, 221 (1st Cir. 1997) (observing "many judges also sit, usually after a self-imposed cooling off period, on cases involving former clients (assuming always no current financial ties and that the judge did not work on the same or a related matter while in practice)"). Here, such a significant period of time has passed since Mr. Estok's representation, it supports the conclusion that my impartiality could not reasonably be questioned.

Indeed, "it is not unusual for Judges to preside over matters in which lawyers with whom they have had a relationship appear before them." *Scotto v. Almenas*, No. 95 CIV. 9379 (JSM), 1996 WL 492996, at *1 (S.D.N.Y. Aug. 28, 1996), *vacated in part on other grounds,* 143 F.3d 105 (2d Cir. 1998). In fact, courts have found no basis for recusal in situations involving personal familiarity between an attorney and a judge that exceed the former attorney-client relationship here. *See United States v. Sundrud*, 397 F. Supp. 2d 1230, 1233 (C.D. Cal. 2005) ("[I]t is not impermissible for judges to sit on cases despite possessing a level of personal familiarity with the parties involved.").

3

For instance, judge are permitted to preside over cases involving:

Former judicial colleagues:  Where a former judge is appearing before a sitting judge, the federal judiciary's Published Ethics Advisory Opinion  No. 70 "suggests that a recusal period of one to two years would be appropriate, depending on the size of the bench and the degree and nature of interactions among the judges," unless the former judge had a "particularly close association" with the sitting judge.  The opinion recognizes the fact "[t]hat the former colleague may have superior knowledge of the viewpoints of the sitting judges does not require disqualification."  *Id.*  "The same information is available from a thorough study of the sitting judge's opinions, or from observation of the judge in the courtroom," and "[l]awyers who frequently litigate before a particular judge may acquire the same type of information, yet no one would suggest recusal or disqualification in such cases."  *Id.*

Former law firm colleagues and friends:  Published Ethics Advisory Opinion No. 11 states that judges are not required to recuse themselves "from all cases handled by a law firm simply because judges have law firm members for friends.  Although there may be special circumstances dictating disqualification, a friendly relationship is not sufficient reason in itself." *See also Bumpus v. Uniroyal Tire Co. Div. of Uniroyal, Inc.,* 385 F. Supp. 711, 714 (E.D. Pa. 1974) (recognizing the policy of abstaining from cases involving former law firms for two years after taking the bench); *Scotto*, 1996 WL 492996, at *1 (finding no basis for recusal where the professional relationship with the law firm ended over six years before, at the time the judge left private practice); *Smith v. Pepsico, Inc.*, 434 F. Supp. 524, 526 (S.D. Fla. 1977) (observing that recusal is permitted for cases involving a former law partner, despite the "closeness of a law partnership which often endures for many years and entails mutually inherent risks to fortune and honor").

<u>Former law clerks</u>:  "It is common knowledge in the profession that former law clerks practice regularly before judges for whom they once clerked."  *In re Martinez-Catala*, 129 F.3d 213 at 221.  "Regarding the intimate relationship between a judge and his law clerk, the prevailing view is that a one- or two-year period of repose is enough to cure any possible appearance of impropriety."  *Duke*, 668 F. Supp. at 1036; *see also Smith,* 434 F. Supp. at 525–526 (finding a two-year period after a two-year clerkship was sufficient); *United States v. Hollister,* 746 F.2d 420, 426 (8th Cir. 1984) (recommending a one-year period for recusal).  "There is no good reason for requiring a longer period of repose for a lawyer who once represented a judge . . . than for a law clerk who worked with a judge more than two years prior to appearing before that judge."  *Duke*, 668 F. Supp. at 1036.

In sum, the circumstances of Mr. Estok's prior representation do not constitute a basis for recusal.  This is not a close case.  The attorney-client relationship is analogous to other relationships that judges have with attorneys in the community in which a two-year period of repose is considered sufficient to alleviate concerns that a judge's impartiality could reasonably be questioned.  The 12 years here far exceeds that minimum threshold of time.

Finally, the Code of Conduct for United States Judges, Canon 3A(2), requires that "[a] judge should hear and decide matters assigned, unless disqualified."  The Ninth Circuit has recognized "the general proposition that, in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned."  *Holland*, 519 F.3d at 912 (simplified).

> This proposition is derived from the "judicial Power" with which we are vested. *See* U.S. Const. art. III, § 1. It is reflected in our oath, by which we have obligated ourselves to "faithfully and impartially discharge and perform [our] duties" and to "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Without this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring. Our mythic Justice, represented by a blindfolded figure wielding a balance

5

and a sword, hears all cases coming before her, giving no preference—whether in priority or result—to the station or economic status of such persons.

*Id*.  "Where there is no appearance of partiality, 'the dignity of the bench, the judge's respect for the fulfillment of his judicial duties, and a proper concern for his judicial colleagues, all require that the judge *not* recuse himself.'"  *Duke*, 668 F. Supp. at 1035 (citing Advisory Comm. on Judicial Activities, Op. 52 (1977)) (emphasis in original); *see also Hawaii-Pac. Venture Cap. Corp. v. Rothbard*, 437 F. Supp. 230, 234 (D. Haw. 1977) (admonishing that 28 U.S.C. 455(a) "should not be used by judges to avoid sitting on difficult or controversial cases"); *see also Mass v. McClenahan*, No. 93 CIV. 3290 (JSM), 1995 WL 106106, at *1 (S.D.N.Y. Mar. 9, 1995) ("A judge has as much of a duty not to recuse himself absent a factual basis for doing so as he does to step aside when recusal is warranted.").  Because there is no basis for me to recuse myself here, I must decline to do so.

Sincerely,

Youlee Yim You
United States Magistrate Judge

cc:     All counsel of record
Attachment (email thread)

| | |
|---|---|
| **From:** | Trish Hunt |
| **To:** | Youlee You |
| **Subject:** | Resp from paralegal on behalf of Plaintiffs FW: Information re 3:23-cv-01213-YY County of Multnomah v. Exxon Mobil Corporation et al |
| **Date:** | Tuesday, October 10, 2023 3:34:54 PM |

**From:** Amber Pollard <apollard@tcnf.legal>
**Sent:** Tuesday, October 10, 2023 3:32 PM
**To:** Trish Hunt <Trish_Hunt@ord.uscourts.gov>
**Cc:** aingraham@schwabe.com; amortimer@hunton.com; aneuman@gibsondunn.com; brad.daniels@stoel.com; bschmalzbach@mcguirewoods.com; ccadonau@brownsteinrask.com; cgrusauskas@paulweiss.com; choesly@bargsinger.com; christopher.riley@millernash.com; csdavidson@swlaw.com; danderson@schwabe.com; dclifford@mwcc.law; dfrederick@kellogghansen.com; dgreenstone@sgptrial.com; dhowe@kellogghansen.com; diana.reiter@arnoldporter.com; dseverson@kellogghansen.com; dtoal@paulweiss.com; duke.mccall@morganlewis.com; eharris@susmangodfrey.com; elizabeth.white@klgates.com; evelyn.winters@bullivant.com; frenchp@lanepowell.com; jbennett_dowdbennett.com <jbennett@dowdbennett.com>; Jim Coon <jcoon@tcnf.legal>; jdick@gibsondunn.com; jjanderson@mcguirewoods.com; jmarkley@perkinscoie.com; jmcdermott@mwcc.law; jneil@sgptrial.com; john.lombardo@arnoldporter.com; jonathan.hughes@arnoldporter.com; josh.sasaki@millernash.com; jpitzer_pitzerlaw.net <jpitzer@pitzerlaw.net>; jstump@dunncarney.com; jwebster@khhte.com; kc.hovda@millernash.com; melwong@swlaw.com; mestok@lindsayhart.com; mjohnson@dowdbennett.com; mwiese@davisrothwell.com; nancy.milburn@aporter.com; ohollarenr@lanepowell.com; oliver.thoma@westwebblaw.com; pgrabiel@pitzerlaw.net; pwylie@davisrothwell.com; rrothauge@perkinscoie.com; sbroome@hunton.com; scollins@huntonak.com; sjensen@brownsteinrask.com; spatel@sgptrial.com; sregan@hunton.com; tboutrous_gibsondunn_com <tboutrous@gibsondunn.com>; thungar@gibsondunn.com; twells@paulweiss.com; wthomson@gibsondunn.com; ycleary@paulweiss.com; Ray Thomas <rthomas@tcnf.legal>
**Subject:** RE: Information re 3:23-cv-01213-YY County of Multnomah v. Exxon Mobil Corporation et al

<mark>CAUTION - EXTERNAL:</mark>

Dear Ms. Hunt:

Plaintiffs do object to Judge You deciding this case, in view of her former attorney, client relationship with one of defense counsel. We ask that the case be reassigned. Thank you.

*Amber Pollard, Paralegal, on behalf of James S. Coon, of Attorneys for Plaintiff*

# THOMAS, COON, NEWTON & FROST

PORTLAND LAW FIRM SINCE 1980

Personal Injury • Social Security Disability/Long Term Disability • Workers' Compensation

820 SW Second Avenue, Suite 200
Portland, OR 97204
503-228-5222
Fax: 503-273-9175
Email: apollard@tcnf.legal
www.tcnf.legal

Click Here to Send Me Files Securely

*This communication is privileged, confidential and intended for the designated recipient only. If you receive a copy in error, please send it back and delete your copy.*

---

**From:** Trish Hunt <Trish_Hunt@ord.uscourts.gov>
**Sent:** Friday, October 6, 2023 6:41 PM
**To:** aingraham@schwabe.com <aingraham@schwabe.com>; amortimer@hunton.com <amortimer@hunton.com>; aneuman@gibsondunn.com <aneuman@gibsondunn.com>; brad.daniels@stoel.com <brad.daniels@stoel.com>; bschmalzbach@mcguirewoods.com <bschmalzbach@mcguirewoods.com>; ccadonau@brownsteinrask.com <ccadonau@brownsteinrask.com>; cgrusauskas@paulweiss.com <cgrusauskas@paulweiss.com>; choesly@bargsinger.com <choesly@bargsinger.com>; christopher.riley@millernash.com <christopher.riley@millernash.com>; csdavidson@swlaw.com <csdavidson@swlaw.com>; danderson@schwabe.com <danderson@schwabe.com>; dclifford@mwcc.law <dclifford@mwcc.law>; dfrederick@kellogghansen.com <dfrederick@kellogghansen.com>; David C. Greenstone <dgreenstone@sgpblaw.com>; dhowe@kellogghansen.com <dhowe@kellogghansen.com>; diana.reiter@arnoldporter.com <diana.reiter@arnoldporter.com>; dseverson@kellogghansen.com <dseverson@kellogghansen.com>; dtoal@paulweiss.com <dtoal@paulweiss.com>; duke.mccall@morganlewis.com <duke.mccall@morganlewis.com>; eharris@susmangodfrey.com <eharris@susmangodfrey.com>; elizabeth.white@klgates.com <elizabeth.white@klgates.com>; evelyn.winters@bullivant.com <evelyn.winters@bullivant.com>; frenchp@lanepowell.com <frenchp@lanepowell.com>; jbennett_dowdbennett.com <jbennett@dowdbennett.com>; jcoon@tcnf.legal <jcoon@tcnf.legal>; jdick@gibsondunn.com <jdick@gibsondunn.com>; jjanderson@mcguirewoods.com <jjanderson@mcguirewoods.com>; jmarkley@perkinscoie.com <jmarkley@perkinscoie.com>; jmcdermott@mwcc.law <jmcdermott@mwcc.law>; JoDee Neil <jneil@sgptrial.com>; john.lombardo@arnoldporter.com <john.lombardo@arnoldporter.com>; jonathan.hughes@arnoldporter.com <jonathan.hughes@arnoldporter.com>; josh.sasaki@millernash.com <josh.sasaki@millernash.com>; jpitzer_pitzerlaw.net <jpitzer@pitzerlaw.net>; jstump@dunncarney.com <jstump@dunncarney.com>; jwebster@khhte.com <jwebster@khhte.com>; kc.hovda@millernash.com <kc.hovda@millernash.com>;

melwong@swlaw.com <melwong@swlaw.com>; mestok@lindsayhart.com
<mestok@lindsayhart.com>; mjohnson@dowdbennett.com
<mjohnson@dowdbennett.com>; mwiese@davisrothwell.com
<mwiese@davisrothwell.com>; nancy.milburn@aporter.com
<nancy.milburn@aporter.com>; ohollarenr@lanepowell.com
<ohollarenr@lanepowell.com>; oliver.thoma@westwebblaw.com
<oliver.thoma@westwebblaw.com>; pgrabiel@pitzerlaw.net
<pgrabiel@pitzerlaw.net>; pwylie@davisrothwell.com <pwylie@davisrothwell.com>;
rrothauge@perkinscoie.com <rrothauge@perkinscoie.com>; rthomas@stc-law.com
<rthomas@stc-law.com>; sbroome@hunton.com <sbroome@hunton.com>;
scollins@huntonak.com <scollins@huntonak.com>; sjensen@brownsteinrask.com
<sjensen@brownsteinrask.com>; Shreedhar R. Patel <spatel@sgptrial.com>;
sregan@hunton.com <sregan@hunton.com>; tboutrous_gibsondunn_com
<tboutrous@gibsondunn.com>; thungar@gibsondunn.com
<thungar@gibsondunn.com>; twells@paulweiss.com <twells@paulweiss.com>;
wthomson@gibsondunn.com <wthomson@gibsondunn.com>; ycleary@paulweiss.com
<ycleary@paulweiss.com>
**Subject:** Information re 3:23-cv-01213-YY County of Multnomah v. Exxon Mobil
Corporation et al

> Some people who received this message don't often get email from trish_hunt@ord.uscourts.gov.
> Learn why this is important

Good evening,

Judge You provides notice to the parties in this case that she was previously
represented by Michael Estok, attorney for ConocoPhillips, in a real estate matter over
12 years ago.  Please advise if you perceive that this prevents her from handling this
case impartially.

Regards,

Trish Hunt
Courtroom Deputy to Hon. Youlee Yim You
United States District Court for the District of Oregon
trish_hunt@ord.uscourts.gov
503-326-8057

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution
when opening attachments or clicking on links.