UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COUNTY OF MULTNOMAH,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP., SHELL PLC, F.K.A. ROYAL DUTCH SHELL PLC, SHELL U.S.A., INC., EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON CORP., CHEVRON U.S.A., INC., CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP., SPACE AGE FUEL, INC., VALERO ENERGY CORP., TOTALENERGIES, S.E. F.K.A. TOTAL S.A., TOTALENERGIES MARKETING USA F.K.A. TOTAL SPECIALTIES USA, INC., MARATHON OIL COMPANY, MARATHON OIL CORP., MARATHON PETROLEUM CORP., PEABODY ENERGY CORP., KOCH INDUSTRIES, INC., AMERICAN PETROLEUM INSTITUTE, WESTERN STATES PETROLEUM ASSOCIATION, MCKINSEY & COMPANY, INC., MCKINSEY HOLDINGS, INC., and DOES 1-250 INCLUSIVE,<br><br>Defendants. | Case No. 3:23-cv-1213<br><br><br><br><br><br><br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

Plaintiff County of Multnomah ("Plaintiff") submits this memorandum in reply to Defendants' Response to Plaintiff's Motion to Remand.

# INTRODUCTION[1]

This case brought by Multnomah County is one of more than twenty cases across the country filed by various state and local governments asserting climate change-related claims against fossil fuel companies. Most of the cases were initiated in state courts and removed to federal courts by defendants making some of the same arguments Defendants and their in-state co-defendant Space Age Fuel, Inc. ("Space Age") make here. Judicial discourse in those cases has centered not around whether the companies can be held liable, but rather, whether federal or state courts should decide. This is the question presently before this Court—not whether Space Age can be held liable, but whether Plaintiff pled colorable claims against this in-state defendant making removal to federal court improper.

There was no strategy here to join Space Age in order to destroy diversity and keep this matter in Oregon state court. Space Age is not a "sham" or "throw-away" defendant but does have a "real connection with th[is] controversy" as pled in Plaintiff's Complaint. (Doc. No. 140, at 15.) All Plaintiff is required to do at this juncture is plead at least one colorable claim against Space Age. Defendants' response brief reads more like a Rule 12(b)(6) motion to dismiss or motion for summary judgment rather than a simple fraudulent joinder issue and the declaration Space Age submits in support does nothing more than raise issues of fact that cannot be decided at this jurisdictional stage. Defendants cite no authority that any circumstances exist here to warrant a determination that Space Age was fraudulently joined. No obvious fault in Plaintiff's pleading

---

[1] Space Age was granted permission by this Court to file a separate memorandum in response to Plaintiff's Motion to Remand than that filed by the remaining Defendants in this matter. Within its response, Space age only addresses the issue of fraudulent joinder and diversity jurisdiction. Space Age does not argue that it was fraudulently misjoined in this action.

exists and Defendants have not met their heavy burden to show there is "no possibility" that Plaintiff will prevail on its claims against the in-state defendant.

All of Defendants' remaining grounds for removal based on this Court's exercise of federal jurisdiction must fail as they were recently rejected by the Ninth Circuit.

## ARGUMENT

### I.    THE ISSUE BEFORE THIS COURT IS WHETHER PLAINTIFF HAS PLED A *POSSIBLE* CAUSE OF ACTION AGAINST SPACE AGE.

The Ninth Circuit, in accord with the majority of its sister circuits, applies the "possibility" standard in determining whether a defendant has been fraudulently joined. *GranCare, LLC v. Thrower*, 889 F.3d 543, 549-50 (9th Cir.2018) (citing to the Third, Fourth, Fifth, Seventh, Eighth and Eleventh Circuits). Thus, for purposes of this motion, the Court's inquiry is limited, not to whether Plaintiff may ultimately succeed on its claims against Space Age, but only whether Plaintiff has a possibility of a right to relief. *See id*. Even though Plaintiff's "claims may not succeed ultimately…ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hall v. Laser Therapy Prods., LLC*, No. CV F 08-1905 LJO SMS, 2009 U.S. Dist. LEXIS 10764, at *10 (E.D. Cal. Feb. 4, 2009) (quoting *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 425-26 (4th Cir. 1999)). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id*. (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir. 1995)).

Defendants have not provided the requisite "clear and convincing evidence" that Space Age was fraudulently joined, and this Court cannot say that Plaintiff has no chance of establishing the facts necessary to support its claims against Space Age. *Potter v. IBM*, No. 3:17-cv-1409-AC,

2018 U.S. Dist. LEXIS 62904, at *10 (D. Or. Mar. 14, 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F. 3d 1203, 1206 (9th Cir. 2007). Plaintiff has, at the very least, established that its claims against Space Age are colorable.

## II.    SPACE AGE IS NOT A SHAM DEFENDANT.

"Either the complaint states a claim cognizable against the purported sham defendant or it does not." *Dulcich, Inc. v. Mayer Brown, LLP*, 954 F.Supp.2d 1129, 1138 (D. Or. 2013) (quoting *Simpson v. Union Pac. R. Co*., 282 F Supp2d 1151, 1157-58 (N.D. Cal. 2003)). Joinder of a non-diverse, "sham" defendant is fraudulent only if the plaintiff fails to state any cause of action against that defendant and "the failure is obvious, according to the settled rules of the state, to defeat diversity jurisdiction." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Leif's Auto Collision Ctrs., LLC v. Progressive Halcyon Ins. Co.*, 2006 U.S. Dist. LEXIS 102121, at *4 (D. Or. Mar. 9, 2006), fn. 2 (citing *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir 2001).) The district courts of the Ninth Circuit have interpreted "obvious" to mean that a party seeking to establish diversity jurisdiction notwithstanding the presence of a non-diverse defendant bears the burden to "demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Kelman v. Evraz, Inc. N.A.*, No. 3:16-CV-1888-PK, 2016 U.S. Dist. LEXIS 182529, at *13-14 (D. Or. Dec. 19, 2016) (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 N.D. Cal. 1998)); *see also*, *Lizari v. CVS Pharmacy, Inc.*, CV 10-10066 SVW, 2011 U.S. Dist. LEXIS 9104, 2011 WL 2238806, *2 (C.D. Cal. 2011) (courts in the Ninth Circuit apply fraudulent joinder only in cases where it is "undisputedly clear" that there is no cause of action against a non-diverse defendant).

Examples of situations where the Ninth Circuit has upheld rulings of fraudulent joinder where the plaintiff *obviously* had no cause of action against a sham defendant are: (1) when the

plaintiff's claims were barred by the statute of limitations; (2) when the plaintiff's claims against the alleged sham defendant were all predicated on a contract to which the defendant was not a party; (3) when the plaintiff's claim for negligent misrepresentation (based on Texas law) was based merely on sales puffing; or (4) where employees were acting in the interests of their employer making their conduct privileged under the applicable law. *Grancare*, 889 F.3d at 548; *United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426-27 (9th Cir. 1989); *see also* cases relied upon by Defendants (Doc. No. 140, at 23-24) *Hoffman v. May*, 313 Fed. App'x 955, 957 (9th Cir. 2009); *Hamilton*, 494 F. 3d at 1206; United Comput. Sys., Inc.; *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1064-68 (9th Cir. 2001); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The appellate court, however, has declined to uphold fraudulent joinder rulings when "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49.

As already addressed in Plaintiff's Motion to Remand, it is far from *obvious* that Plaintiff cannot state a claim against Space Age. This Court should decline to focus its inquiry into the merits of Plaintiff's case against Space Age, but should find that Plaintiff's pleading states at least one cognizable claim against Space Age.

### A.    *Space Age Cannot Escape Liability by Claiming It Is a Small Business.*

Though Plaintiff's asserted injuries against Space Age are based partly on emissions, Defendants attempt to downplay that entity's contribution to those GHG emissions, not by arguing that its emissions are insignificant compared to Defendants in this matter, because clearly based on Space Age's self-reporting to the Oregon DEQ they are not, but by arguing that Space Age is a "small, family-owned and operated business." (Doc. No. 140, at 11.) Defendants in litigation

commonly like to use a smoke screen of respectability and paint themselves as modest, wholesome, family-oriented businesses. For instance, Purdue Pharma owned by the Sackler Family can also be considered a "family-owned business," and Johnson & Johnson, founded by three brothers, uses the slogan "a family of companies." Outside the courtroom, however, Space Age refers to itself as "one of the biggest diesel fuel distributors in the State"[2] and "one of the largest independent marketers in the State of Oregon." (Doc. No. 2-1, at 229-30, ¶161 and n.97 (information obtained from Space Age's website).) Space Age Fuel consists of four divisions which are the company operated stations, commercial sales accounts, commercial freight deliveries and home heating oil deliveries. (*Id*. at 230, ¶162.) Its business includes operation of 21 retail fueling stations and approximately 100 retail and wholesale fueling facilities across Oregon. (*Id*. at ¶163.) It also transports products for other fuel companies. (*Id*. at ¶164.) Space Age admits on its website that it has "concentrated on building [its] own brand."[3] Space Age may attempt to distance itself from Big Oil by calling itself "family-owned," but, in the business of selling both unbranded and branded products, Space Age touts that its "branded products are with Exxon and ConocoPhillips who [it] feel[s] has the same commitment to excellence as Space Age Fuel."[4]

Space Age is not some outlier defendant in this litigation. Plaintiff's claims hinge on the Fossil Fuel Defendants' individual and collective culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use, not simply their production and sale of fossil fuels. *See, e.g., Jacobson v. Crown Zellerbach Corp.*, 273 Or 15, 18, 539 P2d 641 (1975) ("Liability for the

---

[2] **Exhibit 1**, Pliska Letter March 2, 2022, to Members of the Senate Committee on Energy and Environment, https://olis.oregonlegislature.gov/liz/2023R1/Downloads/PublicTestimonyDocument/58693 (last visited December 11, 2023).
[3] Space Age website, http://spaceagefuel.com/history/ (last visited December 11, 2023).
[4] *Id*.

infliction of a nuisance may arise from an intentional, negligent, or reckless act, or from the operation of an abnormally dangerous activity"):

> This is a case that seeks damages and equitable relief for harm caused to Multnomah County (hereafter, "County" or "Plaintiff"), by Defendants' execution of a scheme to rapaciously sell fossil fuel products and deceptively promote them as harmless to the environment, while they knew that carbon pollution emitted by their products into the atmosphere would likely cause deadly extreme heat events like that which devastated Multnomah County in late June and early July 2021.

(Doc. No. 2-1, at 178, ¶1.)[5] Plaintiff further alleges that Defendants' deliberate concealment of the foreseeable impact of the use of their fossil fuel products on the climate and the associated harms to people and communities "exponentially increased the sales of [defendants'] products, expanded consumer demand for them, and built an energy monopoly." (*Id.* at 307, ¶355.) As further set forth in Plaintiff's Motion to Remand, Plaintiff has pled colorable claims against Space Age for intentional and negligent creation of public nuisance, negligence, fraud and trespass to defeat Defendants' argument of fraudulent joinder.

###### B.     The Same Arguments Made by Defendants Were Previously Rejected as Raising Issues of Fact Not Appropriate for Consideration on Jurisdictional Questions.

Though Defendants point out that the question of diversity jurisdiction based on fraudulent joinder has not been addressed by the Ninth Circuit in a climate change case (Doc. No. 140, at 10), it was raised in a similar case as Plaintiff's, filed by the City of Charleston, South Carolina ("The City") in state court and removed to the United States District Court for the District of South Carolina, Charleston Division.[6] Like here, The City filed suit against multiple multinational oil and gas companies alleging the defendants "substantially contributed to greenhouse gas pollution, global warming, and climate change by extracting, producing, promoting, refining, distributing,

---

[5] *See also* Doc. No. 2-1, at 185, ¶15 (describing Fossil Fuel Defendants' alleged culpable conduct).
[6] **Exhibit 2**, *City of Charleston v. Brabham Oil Co.*, No. 2:20-cv-03579, Order and Opinion, July 5, 2023, at 4.

and selling fossil fuel products, while simultaneously deceiving consumers and the public about dangers associated with those products," resulting in The City suffering severe injuries related to "climate crisis-caused environmental changes."[7] Defendants Chevron Corp. and Chevron U.S.A. Inc. removed that case under the same theories they removed here (as well as others), including that the only South Carolina defendants—local oil and gas companies—were fraudulently joined.[8] Defendants argued that The City failed to allege any facts relating to the in-state defendants that could possibly establish their liability to The City on The City's disinformation theory.[9] Both in-state defendants submitted declarations stating that they had not played any role in any marketing campaign relating to greenhouse gases, global warming, or the science of climate change.[10] The City argued that the defendants' assertions were a challenge to The City's claims on the merits and could not be resolved in a jurisdictional motion.[11] The district court agreed.

Resolving all issues of fact and law in The City's favor, the district court found the defendants had not shown that there was no possibility The City would be able to establish its claims against the in-state defendants even though the declarations refuted The City's claims.[12] Refusing to act as a fact finder in determining jurisdictional questions, the district court held that, in light of The City's allegations possibly tying the in-state defendants to the disinformation

---

[7] *Id.*

[8] *Id.* at pp. 4-5.

[9] *Id.* at p. 11.

[10] *Id.*

[11] *Id.*

[12] *Id.*; Defendants cite *Richards for Estate of Ferris v. U-Haul Int'l, Inc.* for the proposition that a district court may rely on declarations in denying a motion to remand on the basis of fraudulent joinder (Doc. No. 140, at 28, n.5), but that case involved a breach of contract claim and the fraudulently joined defendant submitted the declaration to dispute the assertion that it was a party to the rental agreement at issue. No. 3:23-cv-00062-HZ, 2023 U.S. Dist. LEXIS 108637, at *14 (D. Or. June 22, 2023). The district court held the defendant was not the corporate entity that entered into the agreement, that there was no possibility that it could be found legally liable and therefore had been fraudulently joined. *Id.* at *14-19.

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE                                         7
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

campaign that caused The City harm, the defendants had not met their heavy burden to show fraudulent joinder.[13] Having found The City could possibly have a right to relief on its nuisance claims against the South Carolina defendants based on their alleged connection to the misinformation campaign, the court did not address the defendants' challenges to The City's remaining causes of action.[14]

Here, Defendants argue that Plaintiff failed to allege any facts relating to Space Age that could possibly establish its liability to Plaintiff on Plaintiff's allegations of misrepresentation and deceptive conduct. (Doc. No. 140, at 18, 24.) In support of this argument, Space Age submitted the Declaration of James C. Pliska, President of Space Age, stating that it has not "engaged in any marketing campaign, lobbying, or advocacy campaign related to greenhouse gases, global warming, or the science of climate change." (Doc. No. 140, at 25; Doc. No. 142, at ¶¶8, 9, 10.) Defendants contend that Plaintiff cannot (in the absence of formal discovery tools) dispute the veracity of this declaration, and therefore, this Court should find that Plaintiff has no possibility of establishing Space Age's liability and hold that it was fraudulently joined. (Doc. No. 140, at 24-25.) But Defendants' tautology and circular reasoning present only an unripe challenge to Plaintiff's claims *on the merits* that cannot be resolved in a jurisdictional motion, and in no way rebut Plaintiff's other claims for negligence and trespass.

Although the Court may pierce the pleadings and consider outside evidence when determining whether a defendant was fraudulently joined, the Court must resolve all issues of fact and law in Plaintiff's favor and "must only address the jurisdictional issue; it may not adjudicate the merits of the case." *Michaels v. Pent Air Water Pool & Spa, Inc.*, No. 10-cv-500, 2010 U.S.

---

[13] *Id*. at p. 12.
[14] *Id*. at p.12, n.2.

Dist. LEXIS 91640, at *16-17 (D. Nev. Aug. 9, 2010); *see also Reynolds v. Boeing Co.*, No. 2:15-cv-2846-SVW-AS, 2015 US Dist LEXIS 99563, at *12 (C.D. Cal. July 28, 2015) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) ("[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."). The Court cannot, therefore, "engage in extensive fact finding." *Reynolds*, 2015 US Dist LEXIS 99563, at *12 (internal quotations omitted). "It cannot 'delv[e] too far into the merits.'" *Id*. (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)). Plaintiff's Complaint alleges that Space Age participated in the disinformation campaign that caused Plaintiff's injuries. (Doc. No. 2-1, at 178 ¶1, 182 ¶9, 183 ¶¶12-13, 373 ¶¶502-513, 376 ¶¶518-524.) For example, the Complaint connects Space Age to the Global Climate Coalition, which is an organization alleged to participate in the deceptive campaigns. (*Id*. at 183 ¶¶12-13.) Pliska's Declaration attempts to refute that allegation. (Doc. No. 142, at 3 ¶13). At most, the Pliska Declaration only creates questions of fact and, because the Court may not act as a fact finder in deciding jurisdictional questions, contested facts should not provide the basis for finding of fraudulent joinder. Accordingly, considering the allegations tying Space Age to the disinformation campaign Plaintiff alleges caused its harm, Defendants have not met their heavy burden to show fraudulent joinder.

Additionally, Plaintiff was not required to include all known information within its factual allegations to properly plead a cause of action against Space Age. For instance, Chris Huiard of Space Age is one of the Oregon Fuels Association's ("OFA") current Directors.[15] Dave Maydew of Space Age was also a Director of OFA in 2019.[16] Defendants Chevron, Shell, BP,

---

[15] **Exhibit 3**, Oregon Fuels Association Officers & Directors, https://www.wpma.com/oregon/officers-and-directors (last visited December 11, 2023).
[16] **Exhibit 4**, OFA Membership Resource Directory, 2019-2020, https://docplayer.net/150894617-Oregon-fuels-association.html (last visited December 11, 2023), at 7.

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE                                                        9
IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

ConocoPhillips/Phillips 66, Valero and Marathon are all associate members of OFA and listed as their "Premium Partners."[17] Within its 2019-2020 Membership Resource Directory, OFA boasts that "[t]he influence of its established political organization and lobbying network gives OFA members a powerful advocate for the protection and growth of their businesses and their industry."[18] Space Age has made multiple contributions to the OFA's PAC and the Oregon Petroleum Association PAC, which use that funding to support climate change denialists like Senator Tim Knopp who has notoriously spoken out against climate policy action in opposing bills that shift focus towards renewable energy.[19] Knopp also denies that humans are the leading cause of climate change: "I think one thing you can say for sure is I think the sun has the biggest impact on climate. So if you do a lot of research on the sun and how it affects climate, I think you'll find, and I think most scientists would say, the sun has the biggest impact."[20] Further, Jim Pliska made campaign contributions to Stan Pulliam who deems much of Oregon's climate policy as "useless."[21] So, while Space Age avers that it has "never engaged in any lobbying or advocacy campaign relating to greenhouse gases, climate change, or the science of climate change," (Doc. No. 142, at 3 ¶ 9) Space Age has provided funding to front groups that promote climate change disinformation on its behalf.

---

[17] *Id*. at 26, 28, 31, 32, and 44.

[18] *Id*. at 4.

[19] **Exhibit 5**, Oregon Secretary of State ORESTAR Transaction Results for Contributions by Space Age Fuels, Inc.; **Exhibit 6**, Oregon Secretary of State ORESTAR Transaction Results for Contributions to Tim Knopp for State Senate by OFA PAC and OPA PAC; **Exhibit 7**, Taylor W. Anderson, *Opponents seeking Bend's Senate seat agree to disagree*, The Bulletin (2016).

[20] **Exhibit 7**, Taylor W. Anderson, *Opponents seeking Bend's Senate seat agree to disagree*, The Bulletin (2016).

[21] **Exhibit 8**, Oregon Secretary of State ORESTAR Transaction Results for Contributions by James/Jim Pliska; **Exhibit 9**, OPB Staff, *Oregon Republican candidate for governor Stan Pulliam answers OPB's questions*, OPB (2022).

Finally, as for public statements made on issues surrounding "the causes or science of climate change, the impact of Space Age's products or fossil fuel products generally on climate change, or the effects of climate change" (Doc. No. 142, at 3 ¶10), in addition to those alleged in Plaintiff's Complaint, Space Age has fought against the reduction of GHGs within the state of Oregon and Pliska has spoken out against proposed shifts to renewable transportation fuels.[22] (Doc. No. 140-2, at 11 ¶¶28-31.) While Plaintiff did not include the above information within its Amended Complaint, pleading deficiencies alone cannot establish fraudulent joinder and if there is "at least a possibility that [Plaintiff] could amend [its] complaint to state a claim" the Court cannot find fraudulent joinder. *Miotke v. Corizon Health, Inc.*, No. 3:20-cv-00125-SB, 2020 U.S. Dist. LEXIS 107589, at *16 (D. Or. May 22, 2020).

## III.    NOT EVEN SPACE AGE ARGUES THAT IT WAS PROCEDURALLY MISJOINED.[23]

Even though Defendant Space Age requested permission from this Court to file its own, separate brief in response to Plaintiff's Motion to Remand, Space Age did not argue, as Defendants do here, that it was procedurally misjoined in this action. Not surprising considering, as Plaintiff discusses within its Motion to Remand, the majority of the Ninth Circuit refuses to apply the doctrine of procedural misjoinder. Even the district court in *Greene*, cited by Defendants, admits that "[t]he rule regarding severance where there is a "fraudulent misjoinder" is…not universally applied." 344 F. Supp. 2d at 684. Defendants point to a few district court decisions where procedural misjoinder was utilized, all with wildly different fact patterns than those presented here.

---

[22] **Exhibit 1**, Pliska Letter March 2, 2022, to Members of the Senate Committee on Energy and Environment.

[23] The terms "procedural misjoinder" and "fraudulent misjoinder" are used interchangeably by the courts. *Greene v. Wyeth*, 344 F.Supp.2d 674, 684 (D. Nev. 2004); *Doe v. Medalist Holdings, L.L.C.*, No. EDCV-17-1264-MWF, 2017 U.S. Dist. LEXIS 142398, *9 (C.D. Cal. Sep. 1, 2017).

For instance, *Hinrichs* involved "two distinct torts committed by different defendants at different times, which resulted in the invasion of separate legal interests," making joinder of the non-diverse defendant improper. *Hinrichs v. Burwell*, 2021 U.S. Dist. LEXIS 70473, *9-11 (W.D. Wash. Feb. 23, 2021). In *Anglada v. Bank of Am. Corp.*, four plaintiffs brought suit on the foreclosure of five properties. No. 3:11-cv-00524-RCJ-WGC, 2011 U.S. Dist. LEXIS 126141, *1 (D. Nev. Oct. 24, 2011). Only one of the plaintiffs' lenders was an in-state Nevada defendant. *Id.* at *10. None of the other plaintiffs alleged claims against that defendant. *Id.* at *11-12. The district court severed and remanded the plaintiff's claims against the in-state defendant and dismissed the remaining plaintiffs' claims finding the foreclosures were statutorily proper. *Id.*

In *Sutton v. Davol, Inc.*, the District Court for the Eastern District of California, framing its analysis in the context of MultiDistrict Litigation, found the plaintiffs' claims based on strict products liability against the removing defendants were separate from their claims of medical malpractice against the California defendants, and that the products liability claims should be severed and transferred to the MDL. 251 F.R.D. 500, 504-5 (E.D. Cal. 2008). Additionally, within the Ninth Circuit, *Sutton, Greene* and *Anglada* are generally criticized by other courts choosing to follow "the vast majority of district courts within the Ninth Circuit" and reject the fraudulent misjoinder doctrine. *See Apilado v. Bank of Am., N.A.*, No. 19-00285 JAO-KJM, 2019 U.S. Dist. LEXIS 145454, *15-16, n.5 (D. Haw. Aug. 27, 2019); *Dowda v. Williams-Olango*, No. 1:19-CV-0871 AWI JLT, 2019 U.S. Dist. LEXIS 107282, *3 (E.D. Cal. June 26, 2019); *Peterson v. Kennewick*, Civil Action No. 2:18-cv-1302-BJR, 2018 U.S. Dist. LEXIS 210512, n.12 (W.D. Wash. Dec. 13, 2018); *Hampton v. Holper*, 319 F. Supp. 3d 1204, 1210 (D. Nev. 2018); *Gleicher v. Hartford Underwriters Ins. Co.*, No. CV 17-0773 FMO (GJSx), 2017 U.S. Dist. LEXIS 54759, at *8 n.2 (C.D. Cal. Apr. 10, 2017).

The case before this Court involves a single plaintiff who asserts the same claims for intentional and negligent creation of public nuisance, negligence, fraud and trespass against all Defendants, including Space Age. Not only are many of Plaintiff's factual allegations identical against Space Age and the non-resident defendants, but Plaintiff alleges Space Age and the non-resident defendants are liable both individually *and collectively*. (Doc. No. 2-1, at 185, ¶16; 189, ¶23; 231, ¶166; 235, ¶177; 237, ¶180; 245, ¶185; 285, ¶¶229-30; 344, ¶423.) Plaintiff's allegations are based on a collective deception campaign to discredit the science of global warming and to conceal the dangers posed by fossil fuels amongst all Defendants, and Plaintiff alleges damages caused by cumulative GHG emissions from all Defendants that resulted in an extreme heat event. Plaintiff's claims against Space Age do arise out of the same transaction or occurrence as the claims alleged against the other Defendants. Space Age is properly joined, and severance is not appropriate.

## IV.   DEFENDANTS' REMAINING GROUNDS FOR FEDERAL JURISDICTION HAVE BEEN FORECLOSED.

### A.   *The Ninth Circuit Rejected Defendants' Federal Officer and Grable Jurisdictional Arguments.*

Defendants assert that the Court has jurisdiction under the *Grable* doctrine and the federal officer removal statute, noting that a forthcoming decision by the Ninth Circuit in *Oakland* and *San Francisco* "would likely be dispositive of those arguments here." (Doc. No. 140, at 31.) The Ninth Circuit has issued its decision, firmly closing the door on Defendants' arguments. *City of Oakland v. BP Pub. Ltd. Co.*, Nos. 22-16810, 22-16812, 2023 U.S. App. LEXIS 31263 (9th Cir. Nov. 27, 2023). Compelled by its precedent in *County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 757 (9th Cir. 2022) and *City & County of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1107 (9th Cir. 2022), the Ninth Circuit rejected both the federal officer removal statute and *Grable* as grounds for federal jurisdiction. *Id*. at *9.

1.    <u>Federal Officer Jurisdiction</u>

In both the present case and in *Oakland*, Defendants claim they were acting under federal direction during World War II and pursuant to ongoing specialized fuel contracts. In deciding *Oakland*, the Ninth Circuit looked at the same record submitted in this case[24] and held that it "merely confirms their compliance with the law while executing arms-length business agreements to supply fuel and build fuel infrastructure." *Oakland,* at *9. Defendants were not "acting under" federal officers.[25] *Id.*

Moreover, as set forth in Plaintiff's Motion, Defendants have failed to show that there is a causal nexus between the acts challenged by Plaintiff and their actions taken pursuant to a federal officer's directions, or that they have a colorable federal defense. (Doc. No. 98, at 17-34.) *See Cal. ex rel. San Diego Comprehensive Pain Mgmt. Ctr., Inc. v. Eisengrein*, No. 22-cv-1648-BAS (WVG), 2023 U.S. Dist. LEXIS 96910, at *21 (S.D. Cal. June 2, 2023). Rather, Defendants cite the Seventh Circuit, arguing that they need not show "that the complained-of conduct itself was at the behest of the federal agency." (Doc. No. 140, at 39 (quoting *Baker v. Atl. Richfield Co*., 962 F.3d 937, 944 (7th Cir. 2020).) But the Seventh Circuit continued that "[i]t is sufficient for the 'acting under' inquiry that the allegations are directed at the relationship" between the defendants and the federal government. *Baker,* 962 F.3d at 944-45 (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 470 (3d Cir. 2015)). Plaintiff's allegations regarding Defendants' wrongful promotion or deliberate concealment of the

---

[24] *See* Doc. No. 140, at 37 (referencing "the expanded evidentiary record that the defendants in City of Oakland submitted in that case (which has also been submitted here)"); *See* **Exhibit 10,** Appellants' Opening Brief in *City of Oakland v. BP Pub. Ltd. Co.*, Nos. 22-16810, at 14-47.

[25] Because the Court found that the defendants had failed to establish that they were "acting under" a federal officer, it did not reach the remaining elements of federal officer removal. *Oakland*, 2023 U.S. App. LEXIS 31263 at n.2.

foreseeable impact of the use of their fossil fuel products on the climate and the associated harms to people and communities are not directed at the oil industry's relationship with the federal government during World War II or at any other time, or with some Defendants' continued supply of fuel to the government. (*See* Doc. No. 2-1, at 178, ¶1; 307, ¶355.) Defendants' alleged fraudulent marketing, misleading representations, and deliberate concealment that gave rise to Plaintiff's claims were not related to the Defendants' relationship with the federal government, nor were such activities performed at the behest of the federal government.

2. *Grable* Jurisdiction

The Ninth Circuit in *Oakland* also rejected Defendants' argument that the *Grable* exception to the well-pleaded complaint rule applies based on the First Amendment. *Id.* at *9-10. The Court noted that it had already rejected a *Grable* argument, finding that the cities' public nuisance claims do not raise substantial federal interests, and expressly rejected the "repackaged" *Grable* theory based on the First Amendment that Defendants assert in this case. The crux of Defendants' argument, both here and in *Oakland*, is that the First Amendment is a necessary element of Plaintiff's claims.[26] The Ninth Circuit opted not to rule counter to over a century of precedent, reminding that "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense … even if the defense is anticipated in the plaintiff's complaint." *Id.* at *10 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. For S. Cal.,* 463 U.S. 1, 14 (1983)).

Contrary to Defendants' assertion, a court need not construe the United States Constitution to decide Plaintiff's claims—unless Defendants raise a First Amendment defense. The First

---

[26] *See* **Exhibit 10,** Appellants' Opening Brief in *City of Oakland v. BP Pub. Ltd. Co.*, Nos. 22-16810, at 47-64.

Amendment does not compel, authorize, ratify, or immunize Defendants' decisions to make intentional or negligent misrepresentations, which caused harm in ways for which Oregon state law provides remedies. Nor is there any federal law, whether it be Constitutional, statutory, or federal common law, that *must* be adjudicated to determine if Plaintiff's proof satisfies the elements of the state law claims it asserts against Defendants. As the master of its complaint, Plaintiff has not alleged any First Amendment claim; if Plaintiff must eventually demonstrate comportment with the First Amendment, it would only need to do so in response to Defendants' objection. *See California v. Sky Tag, Inc.,* No. CV 11-8638 ABC (PLAx), 2011 U.S. Dist. LEXIS 137500, at *8 (C.D. Cal. Nov. 29, 2011) (collecting cases rejecting removal jurisdiction based on First Amendment defenses). Defendants have failed to demonstrate that a federal issue is necessarily raised by Plaintiff's claims. Thus, removal jurisdiction does not exist on this basis.

### B. *Defendants Concede That the Argument That Plaintiff's Claims Are Necessarily Governed by Federal Law Has Been Foreclosed.*

Finally, Defendants reassert their futile argument that removal is appropriate because Plaintiff's claims necessarily arise under federal law. Defendants assert that the original meaning of the statute conferring federal question jurisdiction was intended to include cases where a federal defense was presented. But, as Defendants' note, over 125 years of legal scholarship disagree – including the Ninth Circuit in recent related cases. *See Cty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 748 (9th Cir. 2022) and *City of Oakland v. BP Pub. Ltd. Co.*, 969 F.3d 895, 906 (9th Cir. 2020). Nevertheless, Defendants raise the argument again, "for the sole purpose of preserving it for potential appellate review," (Doc. No. 140, at 46) seemingly ignoring that the Supreme Court denied certiorari on this issue. *BP p.l.c. v. Mayor of Balt.*, 143 S. Ct. 1795 (2023). As Defendants have conceded, this argument is foreclosed.

**V.      THE CIRCUMSTANCES WARRANT AN AWARD OF COSTS AND FEES.**

Given the number of times Defendants have removed similar climate change cases on the exact same grounds they removed here, only for the case to be remanded back to state court, Defendants' removal of this case was objectively unreasonable and justifies an award of Plaintiff's fees and expenses, including attorneys' fees. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The fee-shifting provision is designed to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140. The continued delay of state-law cases such as this one increases the risk that key witnesses formerly employed by Defendants, who are now in their 70s and 80s and infirm, will be unable to testify, resulting in the loss of critical testimony about what defendants knew, when they knew it, and the steps they took to deny, delay and deceive the public. As discussed previously, Defendants' federal officer and *Grable* jurisdiction arguments have been unanimously rejected, and Defendants had no reasonable basis to believe this case would be different. It was similarly unreasonable to remove based on fraudulent joinder of Space Age when Plaintiff's Complaint contained detailed allegations against the purported "sham" defendant—the same allegations the district court in *City of Charleston* deemed sufficient. *GranCare*, 889 F.3d at 552.

<u>**CONCLUSION**</u>

For the foregoing reasons, and the reasons set forth in Plaintiff's Motion to Remand and Plaintiff's reply to Defendant Space Age Fuel, Inc.'s Response in Opposition to Plaintiff's Motion to Remand, Plaintiff requests this Court remand this action to the Circuit Court of the State of Oregon for the County of Multnomah and award Plaintiff just costs and fees.

Dated this 13th day of December 2023.

**SIMON GREENSTONE PANATIER, P.C.**

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon (*pro hac vice*)
David C. Greenstone (*pro hac vice*)
Shreedhar R. Patel (*pro hac vice*)
JoDee Neil (*pro hac vice*)
901 Main Street, Suite 5900
Dallas, Texas 75202
Telephone: 214-276-7680
Facsimile: 214-276-7699
jsimon@sgptrial.com
dgreenstone@sgptrial.com
spatel@sgptrial.com
jneil@sgptrial.com

**WORTHINGTON & CARON, P.C.**

*/s/ Roger G. Worthington*
Roger G. Worthington (*pro hac vice*)
John M. Caron (*pro hac vice*)
273 W. 7th Street
San Pedro, CA 90731
Telephone: 310-221-8090
Facsimile: 310-221-8095
rworthington@rgwpc.com
john@worthington-caron.com

and

*/s/ James S. Coon*
James S. Coon, OSB No. 771450
820 SW 2nd Ave., Suite 200
Portland, OR 97204
Telephone: 503-228-5222
Facsimile: 503-273-9175
jcoon@tcnf.legal

and

**DWYER WILLIAMS CHERKOSS
ATTORNEYS, P.C.**

*/s/ Tim Williams*
Tim Williams, OSB No. 034940
1558 SW Nancy Way, Suite 101
Bend, OR 97702
Telephone: 503-688-5005
Facsimile: 541-617-0984
tim@rdwyer.com


Attorneys for Plaintiff Multnomah County

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on December 13, 2023, a true and correct copy of the above and foregoing document was electronically served on all counsel of record, in accordance with the Federal Rules of Civil Procedure.

Respectfully,

*/s/ Jeffrey B. Simon*
Jeffrey B. Simon