UNITED STATES DISTRICT COURT

DISTRICT COURT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COUNTY OF MULTNOMAH,<br><br>Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORP., SHELL PLC, F.K.A. ROYAL DUTCH SHELL PLC, SHELL U.S.A., INC., EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON CORP., CHEVRON U.S.A., INC., CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP., SPACE AGE FUEL, INC., VALERO ENERGY CORP., TOTALENERGIES, S.E. F.K.A. TOTAL S.A., TOTALENERGIES MARKETING USA F.K.A. TOTAL SPECIALTIES USA, INC., MARATHON OIL COMPANY, MARATHON OIL CORP., MARATHON PETROLEUM CORP., PEABODY ENERGY CORP., KOCH INDUSTRIES, INC., AMERICAN PETROLEUM INSTITUTE, WESTERN STATES PETROLEUM ASSOCIATION, MCKINSEY & COMPANY, INC., MCKINSEY HOLDINGS, INC., and DOES 1-250 INCLUSIVE,<br><br>Defendants. | Case No. 3:23-cv-1213<br><br>**PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

Plaintiff County of Multnomah ("Plaintiff") submits this memorandum in reply to Defendant Space Age Fuel, Inc.'s Response in Opposition to Plaintiff's Motion to Remand.

# INTRODUCTION[1]

This case brought by Multnomah County is one of more than twenty cases across the country filed by various state and local governments asserting climate change-related claims against fossil fuel companies. Most of the cases were initiated in state courts and removed to federal courts by defendants making some of the same arguments Space Age Fuel, Inc. ("Space Age") and its co-defendants make here. Judicial discourse in those cases has centered not around whether the companies can be held liable, but rather, whether federal or state courts should decide. This is the question presently before this Court—not whether Space Age can be held liable, but whether Plaintiff pled colorable claims against this in-state defendant making removal to federal court improper.

There was no strategy here to join Space Age in order to destroy diversity and keep this matter in Oregon state court. Space Age is not a "sham" or "throw-away" defendant but does have a "real connection with th[is] controversy" as pled in Plaintiff's Complaint. (Doc. No. 141, at 5.) All Plaintiff is required to do at this juncture is plead at least one colorable claim against Space Age. Defendant's response brief reads more like a Rule 12(b)(6) motion to dismiss or motion for summary judgment rather than a simple fraudulent joinder issue and the declaration it submits in support does nothing more than raise issues of fact that cannot be decided at the jurisdictional stage. Space Age cites no authority that any circumstances exist here to warrant a determination that it was fraudulently joined. No obvious fault in Plaintiff's pleading exists and Space Age has

---

[1] Space Age was granted permission by this Court to file a separate memorandum in response to Plaintiff's Motion to Remand than that filed by the remaining Defendants in this matter. Within its response, Space age only addresses the issue of fraudulent joinder and diversity jurisdiction. Space Age does not argue that it was procedurally/fraudulently misjoined in this action.

not met its heavy burden to show there is "no possibility" that Plaintiff will prevail on its claims against this in-state defendant.

**ARGUMENT**

**I.   THE ISSUE BEFORE THIS COURT IS WHETHER PLAINTIFF HAS PLED A POSSIBLE CAUSE OF ACTION AGAINST SPACE AGE.**

The Ninth Circuit, in accord with the majority of its sister circuits, applies the "possibility" standard in determining whether a defendant has been fraudulently joined. *GranCare, LLC v. Thrower*, 889 F.3d 543, 549-50 (9th Cir.2018) (citing to the Third, Fourth, Fifth, Seventh, Eighth and Eleventh Circuits). Thus, for purposes of this motion, the Court's inquiry is limited, not to whether Plaintiff may ultimately succeed on its claims against Space Age, but only whether Plaintiff has a possibility of a right to relief. *See id*. Even though Plaintiff's "claims may not succeed ultimately…ultimate success is not required to defeat removal. Rather, there need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hall v. Laser Therapy Prods., LLC*, No. CV F 08-1905 LJO SMS, 2009 U.S. Dist. LEXIS 10764, at *10 (E.D. Cal. Feb. 4, 2009) (quoting *Hartley v. CSX Transportation, Inc.,* 187 F.3d 422, 425-26 (4th Cir. 1999)). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." *Id*. (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir. 1995)).

Space Age has not provided the requisite "clear and convincing evidence" that it was fraudulently joined, and this Court cannot say that Plaintiff has no chance of establishing the facts necessary to support its claims against Space Age. *Potter v. IBM*, No. 3:17-cv-1409-AC, 2018 U.S. Dist. LEXIS 62904, at *10 (D. Or. Mar. 14, 2018); *Hamilton Materials, Inc. v. Dow Chem. Corp.*,

494 F. 3d 1203, 1206 (9th Cir. 2007). Plaintiff has, at the very least, established that its claims against Space Age are colorable.

## II. SPACE AGE IS NOT A SHAM DEFENDANT.

"Either the complaint states a claim cognizable against the purported sham defendant or it does not." *Dulcich, Inc. v. Mayer Brown, LLP*, 954 F.Supp.2d 1129, 1138 (D. Or. 2013) (quoting *Simpson v. Union Pac. R. Co.*, 282 F Supp2d 1151, 1157-58 (N.D. Cal. 2003)). Joinder of a non-diverse, "sham" defendant is fraudulent only if the plaintiff fails to state any cause of action against that defendant and "the failure is obvious, according to the settled rules of the state, to defeat diversity jurisdiction." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Leif's Auto Collision Ctrs., LLC v. Progressive Halcyon Ins. Co.*, 2006 U.S. Dist. LEXIS 102121, at *4 (D. Or. Mar. 9, 2006), fn. 2 (citing *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir 2001).) The district courts of the Ninth Circuit have interpreted "obvious" to mean that a party seeking to establish diversity jurisdiction notwithstanding the presence of a non-diverse defendant bears the burden to "demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Kelman v. Evraz, Inc. N.A.*, No. 3:16-CV-1888-PK, 2016 U.S. Dist. LEXIS 182529, at *13-14 (D. Or. Dec. 19, 2016) (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 N.D. Cal. 1998)); *see also*, *Lizari v. CVS Pharmacy, Inc.*, CV 10-10066 SVW, 2011 U.S. Dist. LEXIS 9104, 2011 WL 2238806, *2 (C.D. Cal. 2011) (courts in the Ninth Circuit apply fraudulent joinder only in cases where it is "undisputedly clear" that there is no cause of action against a non-diverse defendant).

Examples of situations where the Ninth Circuit has upheld rulings of fraudulent joinder where the plaintiff *obviously* had no cause of action against a sham defendant are: (1) when the plaintiff's claims were barred by the statute of limitations; (2) when the plaintiff's claims against

the alleged sham defendant were all predicated on a contract to which the defendant was not a party; (3) when the plaintiff's claim for negligent misrepresentation (based on Texas law) was based merely on sales puffing; or (4) where employees were acting in the interests of their employer making their conduct privileged under the applicable law. *Grancare*, 889 F.3d at 548; *United Comput. Sys. Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426-27 (9th Cir. 1989); *see also* cases relied upon by Defendants (Doc. No. 140, at 23-24) *Hoffman v. May*, 313 Fed. App'x 955, 957 (9th Cir. 2009); *Hamilton*, 494 F. 3d at 1206; United Comput. Sys., Inc.; *Morris v. Princess Cruises, Inc.*, 236 F. 3d 1061, 1064-68 (9th Cir. 2001); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The appellate court, however, has declined to uphold fraudulent joinder rulings when "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." *Grancare*, 889 F.3d at 548-49.

As already addressed in Plaintiff's Motion to Remand, it is far from *obvious* that Plaintiff cannot state a claim against Space Age. This Court should decline to focus its inquiry into the merits of Plaintiff's case against Space Age, but should find that Plaintiff's pleading states at least one cognizable claim against Space Age.

### A. *Space Age Cannot Escape Liability by Claiming It Is a Small Business.*

Though Space Age concedes "Plaintiff's asserted injuries are based on emissions," Defendant attempts to downplay its contribution to those GHG emissions, not by arguing that its emissions are insignificant compared to the other Defendants in this matter, because clearly based on their self-reporting to the Oregon DEQ they are not, but by arguing that Space Age is a "small, family-owned and operated business." (Doc. No. 141, at 2-3.) Defendants in litigation commonly like to use a smoke screen of respectability and paint themselves as modest, wholesome, family-

oriented businesses. For instance, Purdue Pharma owned by the Sackler Family can also be considered a "family-owned business," and Johnson & Johnson, founded by three brothers, uses the slogan "a family of companies." Outside the courtroom, however, Space Age refers to itself as "one of the biggest diesel fuel distributors in the State"[2] and "one of the largest independent marketers in the State of Oregon." (Doc. No. 2-1, at 229-30, ¶161 and n.97 (information obtained from Space Age's website).) Space Age Fuel consists of four divisions which are the company operated stations, commercial sales accounts, commercial freight deliveries and home heating oil deliveries. (*Id*. at 230, ¶162.) Its business includes operation of 21 retail fueling stations and approximately 100 retail and wholesale fueling facilities across Oregon. (*Id*. at ¶163.) It also transports products for other fuel companies. (*Id*. at ¶164.) Space Age admits on its website that it has "concentrated on building [its] own brand."[3] Defendant may attempt to distance itself from Big Oil by calling itself "family-owned," but, in the business of selling both unbranded and branded products, Space Age touts that its "branded products are with Exxon and ConocoPhillips who [it] feel[s] has the same commitment to excellence as Space Age Fuel."[4]

Space Age mischaracterizes Plaintiff's allegations as "simply generic descriptions of its business" that cannot support Plaintiff's claims, all the while ignoring the entirety of Plaintiff's claims against it, yet Space Age continues to emphasize its own "generic descriptions of its business" in an attempt to avoid liability. (*See* Doc. No. 141, at 7.) Space Age is not some outlier defendant in this litigation. Plaintiff's claims hinge on the Fossil Fuel Defendants' individual *and*

---

[2] **Exhibit 1**, Pliska Letter March 2, 2022, to Members of the Senate Committee on Energy and Environment, https://olis.oregonlegislature.gov/liz/2023R1/Downloads/PublicTestimonyDocument/58693 (last visited December 11, 2023).

[3] Space Age website, http://spaceagefuel.com/history/ (last visited December 11, 2023).

[4] *Id*.

PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S           6
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

*collective* culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use, not simply their production and sale of fossil fuels. *See, e.g., Jacobson v. Crown Zellerbach Corp.*, 273 Or 15, 18, 539 P2d 641 (1975) ("Liability for the infliction of a nuisance may arise from an intentional, negligent, or reckless act, or from the operation of an abnormally dangerous activity"):

> This is a case that seeks damages and equitable relief for harm caused to Multnomah County (hereafter, "County" or "Plaintiff"), by Defendants' execution of a scheme to rapaciously sell fossil fuel products and deceptively promote them as harmless to the environment, while they knew that carbon pollution emitted by their products into the atmosphere would likely cause deadly extreme heat events like that which devastated Multnomah County in late June and early July 2021.

(Doc. No. 2-1, at 178, ¶1.)[5] Plaintiff further alleges that Defendants' deliberate concealment of the foreseeable impact of the use of their fossil fuel products on the climate and the associated harms to people and communities "exponentially increased the sales of [defendants'] products, expanded consumer demand for them, and built an energy monopoly." (*Id.* at 307, ¶355.) As further set forth in Plaintiff's Motion to Remand, Plaintiff has pled colorable claims against Space Age for intentional and negligent creation of public nuisance, negligence, fraud and trespass to defeat its argument of fraudulent joinder.

> **B.    The Same Arguments Made by Space Age Were Previously Rejected as Raising Issues of Fact Not Appropriate for Consideration on Jurisdictional Questions.**

Though the question of diversity jurisdiction based on fraudulent joinder has not been addressed by the Ninth Circuit in a climate change case, it was raised in a similar case as Plaintiff's, filed by the City of Charleston, South Carolina ("The City") in state court and removed to the United States District Court for the District of South Carolina, Charleston Division.[6] Like here, The City filed suit against multiple multinational oil and gas companies alleging the defendants

---

[5] *See also* Doc. No. 2-1, at 185, ¶15 (describing Fossil Fuel Defendants' alleged culpable conduct).
[6] **Exhibit 2**, *City of Charleston v. Brabham Oil Co.*, No. 2:20-cv-03579, Order and Opinion, July 5, 2023, at 4.

| | |
|---|---|
| PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND | 7 |

"substantially contributed to greenhouse gas pollution, global warming, and climate change by extracting, producing, promoting, refining, distributing, and selling fossil fuel products, while simultaneously deceiving consumers and the public about dangers associated with those products," resulting in The City suffering severe injuries related to "climate crisis-caused environmental changes."[7] Defendants Chevron Corp. and Chevron U.S.A. Inc. removed that case under the same theories they removed here (as well as others), including that the only South Carolina defendants—local oil and gas companies—were fraudulently joined.[8] Defendants argued that The City failed to allege any facts relating to the in-state defendants that could possibly establish their liability to The City on The City's disinformation theory.[9] Both in-state defendants submitted declarations stating that they had not played any role in any marketing campaign relating to greenhouse gases, global warming, or the science of climate change.[10] The City argued that the defendants' assertions were a challenge to The City's claims on the merits and could not be resolved in a jurisdictional motion.[11] The district court agreed.

Resolving all issues of fact and law in The City's favor, the district court found the defendants had not shown that there was no possibility The City would be able to establish its claims against the in-state defendants even though the declarations refuted The City's claims.[12]

---

[7] *Id*.
[8] *Id*. at pp. 4-5.
[9] *Id*. at p. 11.
[10] *Id*.
[11] *Id*.
[12] *Id*.; Defendants cite *Richards for Estate of Ferris v. U-Haul Int'l, Inc.* for the proposition that a district court may rely on declarations in denying a motion to remand on the basis of fraudulent joinder (Doc. No. 140, at 28, n.5), but that case involved a breach of contract claim and the fraudulently joined defendant submitted the declaration to dispute the assertion that it was a party to the rental agreement at issue. No. 3:23-cv-00062-HZ, 2023 U.S. Dist. LEXIS 108637, at *14 (D. Or. June 22, 2023). The district court held the defendant was not the corporate entity that entered into the agreement, that there was no possibility that it could be found legally liable and therefore had been fraudulently joined. *Id*. at *14-19.

PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S         8
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Refusing to act as a fact finder in determining jurisdictional questions, the district court held that, in light of The City's allegations possibly tying the in-state defendants to the disinformation campaign that caused The City harm, the defendants had not met their heavy burden to show fraudulent joinder.[13] Having found The City could possibly have a right to relief on its nuisance claims against the South Carolina defendants based on their alleged connection to the misinformation campaign, the court did not address the defendants' challenges to The City's remaining causes of action.[14]

Here, Defendant argues that Plaintiff failed to allege any facts relating to Space Age that could possibly establish its liability to Plaintiff on Plaintiff's disinformation theory. (Doc. No. 141, at 7-9.) In support of this argument, Space Age submitted the Declaration of James C. Pliska, President of Space Age, stating that it has "never engaged in any marketing campaign relating to greenhouse gases, climate change, or the science of climate change." (Doc. No. 141, at 7.) Defendant contends that Plaintiff cannot (in the absence of formal discovery tools) dispute the veracity of this declaration, and therefore, this Court should find that Plaintiff has no possibility of establishing Space Age's liability and hold that it was fraudulently joined. (Doc. No. 141, at pp. 7-9.) But Space Age's tautology and circular reasoning present only an unripe challenge to Plaintiff's claims *on the merits* that cannot be resolved in a jurisdictional motion, and in no way rebut Plaintiff's other claims for negligence and trespass.

Although the Court may pierce the pleadings and consider outside evidence when determining whether a defendant was fraudulently joined, the Court must resolve all issues of fact and law in Plaintiff's favor and "must only address the jurisdictional issue; it may not adjudicate

---

[13] *Id*. at p. 12.
[14] *Id*. at p.12, n.2.

the merits of the case." *Michaels v. Pent Air Water Pool & Spa, Inc.*, No. 10-cv-500, 2010 U.S. Dist. LEXIS 91640, at *16-17 (D. Nev. Aug. 9, 2010); *see also Reynolds v. Boeing Co.*, No. 2:15-cv-2846-SVW-AS, 2015 US Dist LEXIS 99563, at *12 (C.D. Cal. July 28, 2015) (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) ("[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."). The Court cannot, therefore, "engage in extensive fact finding." *Reynolds*, 2015 US Dist LEXIS 99563, at *12 (internal quotations omitted). "It cannot 'delv[e] too far into the merits.'" *Id*. (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)). Plaintiff's Complaint alleges that Space Age participated in the disinformation campaign that caused Plaintiff's injuries. (Doc. No. 2-1, at 178 ¶1, 182 ¶9, 183 ¶¶12-13, 373 ¶¶502-513, 376 ¶¶518-524.) For example, the Complaint connects Space Age to the Global Climate Coalition, which is an organization alleged to participate in the deceptive campaigns. (*Id*. at 183 ¶¶12-13.) Pliska's Declaration attempts to refute that allegation. (Doc. No. 142, at 3 ¶13). At most, the Pliska Declaration only creates questions of fact and, because the Court may not act as a fact finder in deciding jurisdictional questions, contested facts should not provide the basis for finding of fraudulent joinder. Accordingly, in light of the allegations tying Space Age to the disinformation campaign Plaintiff alleges caused its harm, Defendant has not met its heavy burden to show fraudulent joinder.

Additionally, Plaintiff was not required to include all known information within its factual allegations to properly plead a cause of action against Space Age. For instance, Chris Huiard of Space Age is one of the Oregon Fuels Association's ("OFA") current Directors.[15] Dave Maydew

---

[15] **Exhibit 3**, Oregon Fuels Association Officers & Directors, https://www.wpma.com/oregon/officers-and-directors (last visited December 11, 2023).

PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S  10
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

of Space Age was also a Director of OFA in 2019.[16] Defendants Chevron, Shell, BP, ConocoPhillips/Phillips 66, Valero and Marathon are all associate members of OFA and listed as their "Premium Partners."[17] Within its 2019-2020 Membership Resource Directory, OFA boasts that "[t]he influence of its established political organization and lobbying network gives OFA members a powerful advocate for the protection and growth of their businesses and their industry."[18] Space Age has made multiple contributions to the OFA's PAC and the Oregon Petroleum Association PAC which use that funding to support climate change denialists like Senator Tim Knopp who has notoriously spoken out against climate policy action in opposing bills that shift focus towards renewable energy.[19] Knopp also denies that humans are the leading cause of climate change: "I think one thing you can say for sure is I think the sun has the biggest impact on climate. So if you do a lot of research on the sun and how it affects climate, I think you'll find, and I think most scientists would say, the sun has the biggest impact."[20] Further, Jim Pliska made campaign contributions to Stan Pulliam who deems much of Oregon's climate policy as "useless."[21] So, while Space Age avers that it has "never engaged in any lobbying or advocacy campaign relating to greenhouse gases, climate change, or the science of climate change," (Doc.

---

[16] **Exhibit 4**, OFA Membership Resource Directory, 2019-2020, https://docplayer.net/150894617-Oregon-fuels-association.html (last visited December 11, 2023), at 7.

[17] *Id*. at 26, 28, 31, 32, and 44.

[18] *Id*. at 4.

[19] **Exhibit 5**, Oregon Secretary of State ORESTAR Transaction Results for Contributions by Space Age Fuels, Inc.; **Exhibit 6**, Oregon Secretary of State ORESTAR Transaction Results for Contributions to Tim Knopp for State Senate by OFA PAC and OPA PAC; **Exhibit 7**, Taylor W. Anderson, *Opponents seeking Bend's Senate seat agree to disagree*, The Bulletin (2016).

[20] **Exhibit 7**, Taylor W. Anderson, *Opponents seeking Bend's Senate seat agree to disagree*, The Bulletin (2016).

[21] **Exhibit 8**, Oregon Secretary of State ORESTAR Transaction Results for Contributions by James/Jim Pliska; **Exhibit 9**, OPB Staff, *Oregon Republican candidate for governor Stan Pulliam answers OPB's questions*, OPB (2022).

PLAINTIFF'S REPLY TO DEFENDANT SPACE AGE FUEL, INC.'S                                    11
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

No. 142, at 3 ¶ 9) Space Age has provided funding to front groups that promote climate change disinformation on its behalf.

Finally, as for public statements made on issues surrounding "the causes or science of climate change, the impact of Space Age's products or fossil fuel products generally on climate change, or the effects of climate change" (Doc. No. 142, at 3 ¶10), in addition to those alleged in Plaintiff's Complaint, Space Age has fought against the reduction of GHGs within the state of Oregon and Pliska has spoken out against proposed shifts to renewable transportation fuels.[22] (Doc. No. 140-2, at 11 ¶¶28-31.) While Plaintiff did not include the above information within its Amended Complaint, pleading deficiencies alone cannot establish fraudulent joinder and if there is "at least a possibility that [Plaintiff] could amend [its] complaint to state a claim" the Court cannot find fraudulent joinder. *Miotke v. Corizon Health, Inc.*, No. 3:20-cv-00125-SB, 2020 U.S. Dist. LEXIS 107589, at *16 (D. Or. May 22, 2020).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Plaintiff's Motion to Remand and Plaintiff's reply to Defendants' Response to Plaintiff's Motion to Remand, Plaintiff requests this Court remand this action to the Circuit Court of the State of Oregon for the County of Multnomah and award Plaintiff just costs and fees.

---

[22] **Exhibit 1**, Pliska Letter March 2, 2022, to Members of the Senate Committee on Energy and Environment.

Dated this 13th day of December 2023.

        **SIMON GREENSTONE PANATIER, P.C.**

        */s/ Jeffrey B. Simon*
        Jeffrey B. Simon (*pro hac vice*)
        David C. Greenstone (*pro hac vice*)
        Shreedhar R. Patel (*pro hac vice*)
        JoDee Neil (*pro hac vice*)
        901 Main St., Suite 5900
        Dallas, TX 75202
        Telephone: 214-276-7680
        Facsimile: 214-276-7699
        jsimon@sgptrial.com
        dgreenstone@sgptrial.com
        spatel@sgptrial.com
        jneil@sgptrial.com

        and

        **WORTHINGTON & CARON, P.C.**

        */s/ Roger G. Worthington*
        Roger G. Worthington (*pro hac vice*)
        John M. Caron (*pro hac vice*)
        273 W. 7th Street
        San Pedro, CA 90731
        Telephone: 310-221-8090
        Facsimile: 310-221-8095
        rworthington@rgwpc.com
        john@worthington-caron.com

        and

        */s/ James S. Coon*
        James S. Coon, OSB No. 771450
        820 SW 2nd Ave., Suite 200
        Portland, OR 97204
        Telephone: 503-228-5222
        Facsimile: 503-273-9175
        jcoon@tcnf.legal

        and

**DWYER WILLIAMS CHERKOSS ATTORNEYS, P.C.**

*/s/ Tim Williams*
Tim Williams, OSB No. 034940
1558 SW Nancy Way, Suite 101
Bend, OR 97702
Telephone: 503-688-5005
Facsimile: 541-617-0984
tim@rdwyer.com

Attorneys for Plaintiff Multnomah County

## CERTIFICATE OF SERVICE

    I do hereby certify that on December 13, 2023, a true and correct copy of the above and foregoing document was electronically served on all counsel of record, in accordance with the Federal Rules of Civil Procedure.

                  Respectfully,

                  */s/ Jeffrey B. Simon*
                  Jeffrey B. Simon