UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

COUNTY OF MULTNOMAH,

    Plaintiff,

  v.

EXXON MOBIL CORP., SHELL PLC, F.K.A. ROYAL DUTCH SHELL PLC, SHELL U.S.A., INC., EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON CORP., CHEVRON U.S.A., INC., CONOCOPHILLIPS, MOTIVA ENTERPRISES, LLC, OCCIDENTAL PETROLEUM F.K.A. ANADARKO PETROLEUM CORP., SPACE AGE FUEL, INC., VALERO ENERGY CORP., TOTALENERGIES, S.E. F.K.A. TOTAL S.A.,TOTALENERGIES MARKETING USA F.K.A.TOTAL SPECIALTIES USA, INC., MARATHON OIL COMPANY, MARATHON OIL CORP., MARATHON PETROLEUM CORP., PEABODY ENERGY CORP., KOCH INDUSTRIES, INC., AMERICAN PETROLEUM INSTITUTE, WESTERN STATES PETROLEUM ASSOCIATION, MCKINSEY & COMPANY, INC., MCKINSEY HOLDINGS, INC., and DOES 1-250 INCLUSIVE,

    Defendants.

Case No. 3:23-cv-01213-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

1 – FINDINGS AND RECOMMENDATIONS

**FINDINGS**

Plaintiff Multnomah County initially filed this suit in state court against defendants Exxon Mobil Corp., Chevron Corp., and a number of other companies connected to the fossil fuel industry, alleging claims under state law for public nuisance, negligence, trespass, and fraud. First Am. Compl. ¶ 1, ECF 2-1. This case is one of more than 25 similar cases filed since 2017 by municipalities and other local government bodies around the country against companies that produce, market, or distribute fossil fuels. *See, e.g.*, *Cnty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934 (N.D. Cal. 2018); *Mayor & City Council of Baltimore v. BP P.L.C.*, 388 F. Supp. 3d 538 (D. Md. 2019). By and large, though not exclusively, the plaintiffs have brought these suits in state court based on state law claims, primarily on the theory that the fossil fuel defendants failed to warn about the dangers of their products, and are seeking damages for the impacts on public health and infrastructure wrought by global climate change. *See, e.g.*, *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1106 (9th Cir. 2022); *Minnesota by Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 708 (8th Cir. 2023); *but see City of New York v. BP P.L.C.*, 325 F. Supp. 3d 466, 470 (S.D.N.Y. 2018) (suit filed in federal court).

So far, the litigation of these cases has largely focused on which court system—state or federal—should hear the plaintiffs' claims. *See Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 744 (9th Cir. 2022) (affirming remand); *Rhode Island v. Shell Oil Prod. Co.*, 35 F.4th 44, 51 (1st Cir. 2022) (affirming the district court's order remanding to state court for the second time). Most of those cases turned on whether the claims actually raised a question of federal law that could be heard in federal court. Almost universally, the answer has been no, and the cases have been returned to state courts. *See City of Annapolis, Maryland v. BP P.L.C.*, No. 1:21-cv-00772-

SAG, 2022 WL 4548226, at *4 (D. Md. Sept. 29, 2022) (noting that "[t]o date, five out of six appellate courts have ruled against federal jurisdiction in similar cases").

This case, although it raises the same bases for federal question jurisdiction that have been previously rejected by the Ninth Circuit and other courts, turns on a different question. All of the defendants are citizens of states other than Oregon, except for a single Oregon-based company, Space Age Fuel, Inc. *See* First Am. Compl. ¶¶ 158–166, 26-157, 167–175, ECF 2-1. Defendant Chevron removed the case asserting, among other things, that this court has diversity jurisdiction because Space Age is a sham defendant that plaintiff fraudulently joined solely for the purpose of avoiding federal court jurisdiction based on the diversity of the parties. Not. Removal 8–14, ECF 1. Alternatively, defendants assert that Space Age is procedurally misjoined, a principle rooted in Federal Rule of Civil Procedure 20 on which some federal courts have relied to find that a case is removable to federal court despite the existence of a non-diverse defendant. *Id.* at 15–17.

Currently pending is plaintiff's Motion to Remand (ECF 98).[1] That motion should be granted because defendants have failed carry their heavy burden of showing there is no possibility that plaintiff could state a claim against Space Age. Because Space Age is not fraudulently joined, this court lacks diversity jurisdiction over this action. Without subject matter jurisdiction, defendants' alternative argument that Space Age is procedurally misjoined cannot be resolved by this court.

---

[1] To streamline the briefing in a case involving so many parties, the court ordered defendants to submit a single collective response, but granted Space Age leave to file its own response to raise arguments specific to it. *See* Order (Nov. 2, 2023), ECF 128. When necessary for clarity, the court refers to the "Collective Defendants" for discussing arguments raised in the joint brief, and "Space Age" when discussing arguments raised by Space Age individually. Any reference to "defendants" includes both the Collective Defendants and Space Age.

3 – FINDINGS AND RECOMMENDATIONS

I.      **Standard for Motion to Remand**

Federal courts have limited jurisdiction, generally encompassing actions based on complete diversity between the parties or those presenting a federal question. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. §§ 1331, 1332. A plaintiff "has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). If a plaintiff's claims give rise to jurisdiction in either state or federal court and the plaintiff elects to file the suit in state court, the defendant may remove the action to federal court under the general removal statute, 28 U.S.C. § 1441. *Id.* The removal statute is strictly construed, and the party asserting removal jurisdiction has the burden of overcoming the strong presumption that a cause is not removable. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *Hansen*, 902 F.3d at 1057 ("We must exercise prudence and restraint when assessing the propriety of removal because determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.") (simplified).

II.     **Issues Regarding Federal Question Jurisdiction**

Before reaching the analysis regarding fraudulent joinder, procedural misjoinder, and diversity jurisdiction, it is necessary to briefly dispense with the Collective Defendants' arguments regarding federal question jurisdiction that have been foreclosed by recent Ninth Circuit rulings in similar cases. The Notice of Removal asserts that this case is removable based on federal question jurisdiction because: (1) it is a state case that necessarily raises a federal issue under *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005); (2) it

involves a federal officer under 28 U.S.C. § 1442(a); and (3) it involves claims necessarily and exclusively governed by federal common law. Defs. Resp. 31–36, ECF 140.

As for removal under the *Grable* doctrine and the federal officer removal statute, the Ninth Circuit's opinion in *City of Oakland v. BP PLC*, No. 22-16810, 2023 WL 8179286, at *2 (9th Cir. Nov. 27, 2023), forecloses those arguments. Also, any argument that the claims are necessarily and exclusively governed by federal common law is foreclosed by *County of San Mateo*, 32 F.4th at 748, and *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020). Therefore, there is no federal question jurisdiction over this case.

### III.   Issues Regarding Diversity Jurisdiction

The primary dispute presented by plaintiff's motion to remand is whether this court has diversity jurisdiction over the case notwithstanding that plaintiff and defendant Space Age are both citizens of Oregon. The Collective Defendants assert that defendant Space Age's citizenship should be ignored for the purposes of evaluating diversity jurisdiction due to (1) fraudulent joinder, Defs. Resp. 14–28, ECF 140, and (2) procedural misjoinder. *Id.* at 28–31. Space Age filed a separate response to the motion to remand, in which it solely asserts that plaintiff fraudulently joined Space Age to this suit. Space Age Resp. 2, ECF 141.

#### A.   Fraudulent Joinder

"A defendant may remove 'any civil action brought in a State court of which the district courts . . . have original jurisdiction.' " *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting 28 U.S.C. § 1441(a)). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Id.* (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who

has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

"Fraudulent joinder is established the second way if a defendant shows that an 'individual joined in the action cannot be liable on any theory.' " *Id.* at 548 (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)) (simplified). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.' " *Id.* (quoting *Hunter*, 582 F.3d at 1046). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' " *Id.* (quoting *Hunter*, 582 F.3d at 146).

Here, defendants do not assert there is "actual fraud in the pleading of jurisdictional facts." *See Grancare*, 889 F.3d at 548. Therefore, defendants must show that Space Age "cannot be liable on any theory." *Id.* The analysis under this second prong is a stringent one, and requires more than a showing that the asserted claims may be vulnerable to attack, as an example, for failure to state a claim. *Id.* at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). Rather, "[b]ecause the purpose of the fraudulent joinder doctrine is to allow a determination whether the district court has subject matter jurisdiction, the standard is similar to the 'wholly insubstantial and

frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (citations omitted)); *see also Chatfield v. Brenntag N. Am., Inc.*, No. 3:23-cv-01399-HZ, 2023 WL 8947928, at *4 (D. Or. Dec. 28, 2023).

Plaintiff asserts four claims against all defendants collectively, including Space Age: public nuisance, negligence, trespass, and fraud. First Am. Compl. ¶¶ 502–32, ECF 2-1. Both the Collective Defendants and Space Age focus on the portions of plaintiff's claims that "concern deception and misrepresentation," Space Age Resp. 5, ECF 141, in arguing that plaintiff cannot possibly succeed in stating a claim against Space Age. *See also* Defs. Resp. 16, ECF 140 ("A key predicate for all of Plaintiff's claims is purported misrepresentation and deception."). In doing so, defendants point to passages in plaintiff's briefing on the pending motion to remand and portions of the complaint that seem to suggest that some, even a substantial portion, of plaintiff's claims rest on the allegation that defendants including Space Age engaged in a "scheme" to "deceptively promote" fossil fuel products. Defs. Resp. 16, ECF 140 (citing Am. Compl. ¶ 1, ECF 2-1 at 178). Then, defendants note that plaintiff either has not alleged, Defs. Resp. 19, ECF 140, or cannot prove, Space Age Resp. 6–9, ECF 141, that Space Age made any misrepresentations regarding fossil fuels that could be the basis for any liability.

Plaintiff's complaint, however, is not so narrowly drawn. For one, the claims for public nuisance, negligence, and trespass do not require plaintiff to plead a misrepresentation to adequately state a claim. For instance, "Oregon law requires a plaintiff to plead four elements sufficiently to state a claim of public nuisance: (1) substantial interference with a legal interest; (2) unreasonable interference with that legal interest; (3) culpable conduct; and (4) causation." *Emanuel Displaced Persons Ass'n 2 v. City of Portland*, No. 3:22-cv-1896-SI, 2023 WL 8292606, at *12 (D. Or. Dec. 1, 2023) (citing *Hay v. Stevens*, 271 Or. 16, 20–21 (1975);

7 – FINDINGS AND RECOMMENDATIONS

*Jacobson v. Crown Zellerbach Corp.*, 273 Or. 15, 19–20 (1975)). Specific to Space Age, plaintiff alleges:

> During the years 2010 through 2021, Space Age Fuel contributed 7,601,219 metric tons of CO2 greenhouse gas emissions in Oregon. These numbers were self-reported to the Oregon Department of Environmental Quality. Carbon emissions attributable to this Defendant are individually and collectively (with the other Defendants) a cause of enormous harm to Plaintiff for which this Defendant is individually and jointly and severally liable to Plaintiff. This Defendant's refusal to disclose that its fossil fuel activities could cause substantial damage to Plaintiff and deadly consequences to the County's inhabitants was individually and collectively (with the other Defendants) a cause of enormous harm to Plaintiff for which this Defendant is individually and jointly and severally liable to Plaintiff.

First Am. Compl. ¶ 166, ECF 2-1 at 231 (footnote omitted). Plaintiff then asserts as follows for the public nuisance claim against all defendants collectively:

> Defendants' intentional and negligent acts in production, promotion, refining, marketing, consulting, and sales of fossil fuel-based consumer products in Multnomah County and elsewhere have caused the losses, death, and destruction of County property, lands, and resources resulting from the extreme weather event known as the 2021 heat dome resulting wildfires, and their aftermath. Defendants created a public nuisance that is unreasonable, harmful, and disruptive to health, safety, the County's fiscal health, and general welfare of Multnomah County.

First Am. Compl. ¶ 505, ECF 2-1 at 373. These factual allegations are sufficient to establish the "*possibility* that a state court would find that the complaint states a cause of action against" Space Age and thus there is no fraudulent joinder here. *Grancare*, 889 F.3d at 548 (emphasis in original). The same is true for plaintiff's negligence and trespass claims. *See Hensley v. Nike, Inc.*, No. 3:20-cv-00791-JR, 2021 WL 4956851, at *4 (D. Or. Sept. 17, 2021) ("In Oregon, to prevail on a negligence claim, 'a plaintiff must establish that the defendant's conduct created a foreseeable and unreasonable risk of legally cognizable harm to the plaintiff and that the conduct in fact caused that kind of harm to the plaintiff.' ") (quoting *Sloan on behalf of Est. of Sloan v.*

8 – FINDINGS AND RECOMMENDATIONS

*Providence Health Sys.-Oregon*, 364 Or. 635, 643 (2019)); *Verizon Nw., Inc. v. Main St. Dev., Inc.*, 693 F. Supp. 2d 1265, 1278 (D. Or. 2010) (citing *Huffman and Wright Logging Co. v. Wade,* 317 Or. 445, 469 n.8 (1993)) ("A plaintiff asserting a claim for trespass under Oregon law must establish an intentional, physical intrusion by the defendant on the plaintiff's property, which plaintiff did not authorize or consent to, and which caused plaintiff damage.").

Even if, as defendants assert, plaintiff's claims for public nuisance, trespass, and negligence necessarily and solely "hinge on Defendants' culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use," the analysis on fraudulent joinder would not change. Defs. Resp. 10, ECF 140 (quoting Mot. Remand 25, ECF 98). As excerpted above, the complaint alleges that Space Age's failure to disclose the dangers of burning fossil fuels contributed to plaintiff's harm. *See* First Am. Compl. ¶ 166, ECF 2-1 at 231. Additionally, plaintiff alleges that defendants collectively, including Space Age, "execut[ed] . . . a scheme to rapaciously sell fossil fuel products and deceptively promote them as harmless to the environment, while they knew that carbon pollution emitted by their products into the atmosphere would likely cause deadly extreme heat events like that which devastated Multnomah County in late June and early July 2021." First Am. Compl. ¶ 1, ECF 2-1 at 178. As part of that scheme, defendants, including Space Age, "mobilized a campaign to create the 'Global Climate Coalition,' " an organization the defendants' used to "fun[d] a marketing campaign that intended to deceive and violate Oregon's statutes and common law" and that "continues to this day." *Id.* ¶¶ 12–13. Whether plaintiff can prove these allegations is a question for a later time; the only task now is to evaluate whether plaintiff asserts a possible claim for relief against Space Age—and it does. *See Reynolds v. The Boeing Co.*, No. 2:15-cv-02846-SVW-AS, 2015 WL 4573009, at *4 (C.D. Cal. July 28, 2015) ("The focus of the [fraudulent

9 – FINDINGS AND RECOMMENDATIONS

joinder inquiry] must be on the joinder, not the merits of the plaintiff's case.") (quoting *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)).

In support of its arguments on fraudulent joinder, Space Age submitted a declaration from its president asserting, among other things, that Space Age has "never engaged" in any marketing, lobbying, or advocacy relating to the connection between fossil fuels and climate change, and denying that Space Age was ever a member of the Global Climate Coalition or of the other industry groups plaintiff named in the complaint that were part of the alleged "scheme" to deceptively promote and conceal the dangers of fossil fuel use. Pliska Decl. ¶¶ 8–13, ECF 142. Defendants argued in the briefing and at the hearing on the motion that this declaration conclusively establishes that plaintiff cannot possibly allege any claim against Space Age. Defs. Resp. 25–27, ECF 140; Space Age Resp. 6–8, ECF 141. But as the Ninth Circuit explained in *GranCare*, "a denial, even a sworn denial, of allegations does not prove their falsity." 889 F.3d at 551. Thus, the Pliska Declaration does not establish that the claims against Space Age are "wholly insubstantial or frivolous" or that plaintiff does not have any possibility of recovering against Space Age as is required to find fraudulent joinder. *See Grancare*, 889 F.3d at 549–50.

Defendants' reliance on *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1064–67 (9th Cir. 2001), in support of its argument for fraudulent joinder is misplaced. *See* Defs. Resp. 23. There, the plaintiff sued a cruise line and the travel agency that assisted her in booking a voyage to southeast Asia during which her husband fell ill and later passed away. *Morris*, 236 F.3d at 1064–66. The plaintiff alleged that the travel agency negligently misrepresented that the cruise line was "reputable . . . and that passengers in their care would be safely and adequately served." *Id.* at 1068. This statement, the Ninth Circuit ruled, was "akin to mere puffing" and was not actionable on its face. *Id.* Additionally, the court relied on an affidavit from the plaintiff in which

10 – FINDINGS AND RECOMMENDATIONS

she specifically denied that she "ever discussed the quality or nature of medical care provided on board" with anyone from the travel agency, and in light of this admission it was "abundantly obvious that [the plaintiff] could not possibly prevail on her negligent misrepresentation claim against" the agency. *Id.*

It is true that in *Morris* and other cases, courts have sometimes considered materials outside the complaint to determine fraudulent joinder. *See* Defs. Resp. 28 n.3, ECF 140 (citing *Richards for Estate of Ferris v. U-Haul Int'l, Inc.*, 2023 WL 4146185, at *6 (D. Or. June 22)). But there is a substantial difference between, for example in *Morris*, relying on the plaintiff's own admissions to further support the conclusion that a facially deficient claim *as alleged* could never succeed, and what defendants ask here: to credit as true a defendant's declaration that at bottom does nothing more than deny plaintiff's allegations. Such evidence would not even be sufficient to sustain a Rule 12(b)(6) motion to dismiss for failure to state a claim,[2] and defendants have not offered any persuasive authority for why it should here assist defendants in clearing the higher hurdle to establish fraudulent joinder. *See Grancare*, 889 F.3d at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."); *see also City of Charleston v. Brabham Oil Company, Inc., et al.,* No. 2:20-cv-03579-RMG, Order and Opinion (ECF 154) 10–12 (July 5, 2023) (rejecting a

---

[2] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), review is limited to the complaint. All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to plaintiffs. Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6).") (simplified).

11 – FINDINGS AND RECOMMENDATIONS

similar fraudulent joinder argument based on a defendant's declaration raised by the collective defendants in another climate change case that named in-state entities).

A similar analysis demonstrates the difference between this case and *Richards*, a case from this district that defendants say supports finding fraudulent joinder based on the Pliska declaration. Defs. Resp. 28, ECF 140. In *Richards*, the plaintiff brought a breach of contract claim, and the analysis on fraudulent joinder turned on the contract itself because the defendant asserting that it had been fraudulently joined was not actually a party to it. 2023 WL 4146185 at *5–6. It is commonplace, especially in breach of contract cases, for a court to look to documents that are attached to or incorporated by reference in the complaint in evaluating a claim's legal sufficiency. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). But otherwise, declarations supporting a motion to dismiss are not typically considered. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997) (refusing to consider declarations submitted in support of a motion to dismiss because they were not "referenced in the complaint" or matters of public record).

Furthermore, to the extent defendants seem to assert that Space Age was fraudulently joined because plaintiff's complaint alleges misconduct against all defendants collectively, *see* Resp. 13–14, ECF 140, the Ninth Circuit in *GranCare* rejected such an argument as a basis for establishing fraudulent joinder. 889 F.3d at 552 (finding argument that the plaintiff "erred in 'lumping' [the in-state defendant] with other defendants alleging misconduct against all defendants collectively" went "to the sufficiency of the complaint rather than to the possible viability" of the claims).

Finally, Space Age asserts it may not eventually be found liable to plaintiff for any tort because, for example, it "is duly licensed in Oregon for its sale of fuel products, and operates its

12 – FINDINGS AND RECOMMENDATIONS

business in compliance with applicable Oregon law, including the Multnomah County Code." Space Age Resp. 8, ECF 141. At the hearing on the motion, counsel for Space Age asserted that the allegations in the complaint about its failure to disclose are really directed at information about fossil fuels that was already known by the general public and thus cannot be the basis for liability. Defendants also raised issues regarding various defenses such as the *Noerr Pennington* doctrine or that certain of Space Age's conduct is protected by Oregon's litigation privilege. Defs. Resp. 22, ECF 140. All of these issues go to the underlying merits of plaintiff's claims or defendants' defenses, not to whether Space Age was fraudulently joined. *See Reynolds*, 2015 WL 4573009 at *4 (explaining that in evaluating fraudulent joinder, a court "cannot engage in extensive fact finding" or "delve too far into the merits," and it "must limit itself to checking for obviously fraudulent or frivolous claims") (simplified) (citing *Oxendine v. Merck & Co.,* 236 F.Supp.2d 517, 525 n.4 (D. Md. 2002); *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir. 1999); *Bender v. Am. Gen. Life & Acc. Ins. Co.,* No. 2:04-cv-00398-MEF-CSC, 2005 WL 1221835, at *2 (M.D. Ala. May 23, 2005).

Because defendants have not carried the heavy burden of showing that there is no possibility that plaintiff could prevail against Space Age, there is no fraudulent joinder here.

B. **Procedural Misjoinder**

Alternatively, the Collective Defendants assert that Space Age was "procedurally misjoined" and thus Space Age can be ignored for the purposes of evaluating whether this court has diversity jurisdiction over plaintiff's suit. Defs. Resp. 28, ECF 140.[3] The concept of "procedural misjoinder" is based on an application of Federal Rule of Civil Procedure 20, which

---

[3] Notably, plaintiff points out, Space Age itself does not assert that it was procedurally misjoined to this action. Reply 11, ECF 146; *see also* Space Age Resp. 2, ECF 141 (relying solely on fraudulent joinder to oppose plaintiff's motion to remand).

13 – FINDINGS AND RECOMMENDATIONS

requires that claims "must 'aris[e] out of the same transaction' or 'occurrence' to be properly joined." Defs. Resp. 28, ECF 140 (quoting Fed. R. Civ. P. 20(a)(2)(A)). Defendants argue that plaintiff's claims against Space Age "do not arise out of the same transaction or occurrence as the claims alleged against the other [d]efendants" because, for example, Space Age "is not alleged to be involved in the exploration, production, or refining of fossil fuels, to have made any statement or communication regarding climate change or the environment, or to have been a member of any of the relevant industry associations." *Id.* at 30.

Both sides recognize that the Ninth Circuit has not endorsed the use of procedural misjoinder as a tool for evaluating whether a party should be disregarded for determining diversity jurisdiction. See Defs. Resp. 29, ECF 140 ("As Plaintiff concedes, the Ninth Circuit has not ruled one way or the other regarding procedural misjoinder."); Mot. Remand 12–13, ECF 98; *see also California Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 F. App'x 727, 729 (9th Cir. 2001) ("The Eleventh Circuit has recognized the additional theory of egregious misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs.") (citing *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996)); *Tyson v. Fife*, No. 2:18-cv-0028-GMN-NJK, 2018 WL 3377085, at *3 (D. Nev. July 11, 2018) ("While the Ninth Circuit has not expressly adopted fraudulent misjoinder, some courts in the Ninth Circuit have followed the *Tapscott* rule.") *(*citing *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004)).[4]

---

[4] Courts sometimes refer to the concept of procedural misjoinder as "fraudulent misjoinder" or "egregious joinder." *E.g.*, *Kocher v. Hilton Worldwide Holdings, Inc.*, No. 3:18-cv-00449-SB, 2018 WL 6735086, at *5 (D. Or. Nov. 9, 2018), *report and recommendation adopted,* No. 3:18-cv-00449-SB, 2019 WL 309752 (D. Or. Jan. 21, 2019); *also California Dump Truck Owners*, 24 F. App'x at 729 ("The Eleventh Circuit has recognized the additional theory of egregious

"Presumably as a result of the limits on appealing remand orders, *see* 28 U.S.C. § 1447(d), the development in this area of the law has been driven largely by the district courts, and the district courts within the Ninth Circuit have developed a robust body of law on fraudulent misjoinder." *Hampton v. Insys Therapeutics, Inc.*, 319 F. Supp. 3d 1204, 1210–12 (D. Nev. 2018). And while there are a small handful of cases that have applied procedural misjoinder, *e.g.*, *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 504 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004); *Anglada v. Bank of Am. Corp.*, No. 3:11-cv-00524-RCJ-WGC, 2011 WL 5196710, at *4 (D. Nev. Oct. 27, 2011); *O'Brian v. Ford Motor Co.*, No. 2:18-cv-01411-DMG-PLA, 2018 WL 1089735, at *2 (C.D. Cal. Feb. 27, 2018), the cases that have refused to use the doctrine are far and away in the majority. *Hampton*, 319 F. Supp. 3d at 1210–12 ("[D]istrict courts within the Ninth Circuit have repeatedly and consistently pooh-poohed the doctrine.") (collecting no fewer than 30 cases from essentially every district court in the Ninth Circuit).

Not only is the overwhelming weight of authority against the use of "procedural misjoinder" in analyzing diversity jurisdiction, the reasoning underpinning those decisions is compelling—that there is a critical problem in relying on procedural misjoinder to evaluate a question of subject matter jurisdiction. As the Collective Defendants describe it, "[a] defendant has been procedurally misjoined if its inclusion does not comply with Federal Rule of Civil Procedure 20. Under Rule 20, claims must 'aris[e] out of the same transaction' or 'occurrence' to be properly joined." Defs. Resp. 28, ECF 140 (quoting Fed. R. Civ. P. 20(a)(2)(A)). But to apply a Federal Rule of Civil Procedure presumes that this court has subject matter jurisdiction over

---

misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs.")

15 – FINDINGS AND RECOMMENDATIONS

the action to begin with: "It makes little sense for a court first to sever part of the case under Rule 20, and only then find it has jurisdiction." *Thee Sombrero, Inc. v. Murphy*, No. 5:15-cv-01004-VAP-SP, 2015 WL 4399631, at *4 (C.D. Cal. July 17, 2015) (citation and quotation marks omitted); *see also Perry v. Luu*, No. 1:13-cv-00729-AWI-JLT, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) ("The Court is confounded by the concept's circular logic in that it requires the Court first—in full recognition of the lack of diversity jurisdiction—sever part of the case and *only then* find it has jurisdiction. However, the authority to sever misjoined claims or defendants under Rule 20 *presumes* the Court has jurisdiction to act.") (emphasis in original). It is this circularity and not, as the Collective Defendants propose, the evaluation of the complaint's allegations to determine jurisdiction, that is at the heart of the problem. *See* Defs. Resp. 29–30, ECF 140.

Moreover, the procedural misjoinder doctrine is inconsistent with the principle that removal under § 1441 is "strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Quite plainly, there is no "same transaction or occurrence" requirement for removal under § 1441, and, as numerous courts have explained, it is inappropriate to import into the statute a wholly court-made rule that would greatly expand the diversity jurisdiction of federal courts by "making cases removable that by § 1441's plain terms should not be[.]" *Early v. Northrop Grumman Corp.*, No. 2:13-cv-03130-ODW-MRW, 2013 WL 3872218, at *3 (C.D. Cal. July 24, 2013); *Hampton*, 319 F. Supp. 3d at 1212 ("[A]dopting the fraudulent misjoinder doctrine is an improper expansion of federal subject matter jurisdiction without legislative authorization.").

16 – FINDINGS AND RECOMMENDATIONS

The "better rule is to grant plaintiff's motion to remand and have the state court decide the misjoinder issue." *Mohansingh v. Crop Prod. Servs., Inc.*, No. 1:17-cv-00439-DAD-EPG, 2017 WL 4778579, at *5 (E.D. Cal. Oct. 23, 2017) (internal quotation marks omitted) (citing *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871–72 (N.D. Ohio 2008); *In re Plavix Prod. Liab. & Mktg. Litig.*, No. 3:13-cv-03610-FLW, 2014 WL 4954654, at *14 (D.N.J. Oct. 1, 2014); *HVAC Sales, Inc. v. Zurich Am. Ins. Grp.*, No. 5:04-cv-03615-RMW, 2005 WL 2216950, at *7 (N.D. Cal. July 25, 2005)) (additional citations omitted). This approach fully protects a defendant's right to proceed in federal court. If, for example, a state court rules that defendant Space Age is indeed procedurally misjoined (a question that is not addressed here), then Space Age could be severed and the case could be removed to this court based on complete diversity. *Hampton*, 319 F. Supp. 3d at 1213 ("[I]n the event the state court finds severance to be proper, then the defendant could remove the pertinent piece of the case to federal court.").

For all those reasons, the Collective Defendants' argument to apply "procedural misjoinder" as a basis for ignoring the citizenship of defendant Space Age in evaluating whether this case should be remanded to state court fails.

### IV.    Attorney's Fees

Plaintiff asserts that "[d]efendants' removal of this case was objectively unreasonable and justifies an award of Plaintiff's fees and expenses, including attorneys' fees." Mot. Remand 35, ECF 98 (citing 28 U.S.C. § 1447(c)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit" and the

removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Attorney's fees are not appropriate here. Although defendants have repeatedly and unsuccessfully attempted to remove similar climate change cases, this case involves issues of fraudulent joinder and procedural misjoinder that were not present in previous cases originating in the Ninth Circuit and were raised in only one case that originated outside this Circuit. And while defendants' arguments did not ultimately prevail, the arguments raised on those issue were not objectively unreasonable or frivolous.

## RECOMMENDATIONS

Plaintiff's Motion to Remand [98] should be granted and this case should be remanded to Multnomah County Circuit Court.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, April 24, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//

//

//

//

//

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED April 10, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge