**Renée E. Rothauge**, Bar No. 903712
RRothauge@perkinscoie.com
**Julia E. Markley**, Bar No. 000791
JMarkley@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000
Facsimile:  +1.503.727.2222

**GIBSON, DUNN & CRUTCHER LLP**
**Theodore J. Boutrous, Jr.**, *pro hac vice*
tboutrous@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

**Joshua D. Dick**, *pro hac vice*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

*Attorneys for Defendants Chevron Corporation and
Chevron U.S.A. Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| COUNTY OF MULTNOMAH,<br><br>    Plaintiff,<br><br> v.<br><br>EXXON MOBIL CORP., SHELL PLC F.K.A. ROYAL DUTCH SHELL PLC, SHELL U.S.A., INC., EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, BP PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., CHEVRON | Case No. 3:23-cv-01213-YY<br><br>**DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>**REQUEST FOR ORAL ARGUMENT** |

1- DEFENDANTS' OBJECTIONS TO FINDINGS AND
  RECOMMENDATIONS

CORP., CHEVRON U.S.A. INC.,
CONOCOPHILLIPS, MOTIVA
ENTERPRISES, LLC, OCCIDENTAL
PETROLEUM F.K.A. ANADARKO
PETROLEUM CORP., SPACE AGE FUEL,
INC., VALERO ENERGY CORP.,
TOTALENERGIES, S.E. F.K.A. TOTAL
S.A., TOTALENERGIES MARKETING USA
F.K.A. TOTAL SPECIALTIES USA, INC.,
MARATHON OIL COMPANY,
MARATHON OIL CORP., MARATHON
PETROLEUM CORP., PEABODY ENERGY
CORP., KOCH INDUSTRIES, INC.,
AMERICAN PETROLEUM INSTITUTE,
WESTERN STATES PETROLEUM
ASSOCIATION, MCKINSEY AND
COMPANY, INC., MCKINSEY HOLDINGS,
INC., and DOES 1-250 INCLUSIVE,

                    Defendants.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 7

II.   BACKGROUND ................................................................................ 11

III.  LEGAL STANDARD ........................................................................ 15

IV.   ARGUMENT ..................................................................................... 15

    A.   Defendants' Right To Remove This Action To Federal Court Cannot Be Defeated By Fraudulent Joinder. ................................................. 15

    B.   Plaintiff Insists Its Claims Are All Predicated On Alleged Misrepresentation.......................................................................... 17

    C.   Plaintiff Does Not Allege Any Misrepresentation By Space Age And Thus Cannot Possibly State Any Cause Of Action Against Space Age. ..................... 21

    D.   The Declaration By Space Age's President Should Be Considered In Evaluating Whether Space Age Was Fraudulently Joined. ............................... 30

V.    Conclusion ........................................................................................ 34

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Benjamin v. Wal-Mart Stores, Inc.*,
185 Or. App. 444 (2002)................................................................................25

*Berg v. Ferring Pharm., Inc.*,
2016 WL 4974942 (C.D. Cal. Sept. 16, 2016) .......................................33

*Cavallini v. State Farm Mutual Auto Ins. Co.*,
44 F.3d 256 (5th Cir. 1995) ....................................................................30

*City & Cnty. of Honolulu v. Sunoco LP*,
39 F.4th 1101 (9th Cir. 2022) ................................................................20

*City of New York v. Chevron Corp.*,
993 F.3d 81 (2d Cir. 2021)......................................................................26

*City of Oakland v. BP PLC*,
2023 WL 8179286 (9th Cir. Nov. 27, 2023).......................................14, 20

*DaCosta v. Novartis AG*,
180 F. Supp. 2d 1178 (D. Or. 2001) ...........................................31, 32, 34

*Dietrich v. Boeing Co.*,
14 F.4th 1089 (9th Cir. 2021) ................................................................21

*Fisher v. Asbestos Corp.*,
2014 WL 3752020 (C.D. Cal. July 30, 2014) ........................................21

*Gentek Bldg. Prods, Inc. v. Sherwin-Williams Co.*,
491 F.3d 320 (6th Cir. 2007) ..................................................................30

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005)................................................................................12

*Grancare, LLC v. Thrower*,
2016 WL 1082780 (N.D. Cal. Mar. 21, 2016)........................................28

*Grancare, LLC v. Thrower by & through Mills*,
889 F.3d 543 (9th Cir. 2018) ..............................10, 15, 16, 17, 28, 29, 30, 32, 33

*Gregory v. Novak*,
121 Or. App. 651 (1993)..........................................................................26

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
494 F.3d 1203 (9th Cir. 2007) ................................................................16

*Hoffman v. May*,
313 Fed. App'x 955 (9th Cir. 2009) .................................................16, 29

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

*Johnson v. Grancare, LLC*,
    2015 WL 6865876 (N.D. Cal. Nov. 9, 2015) ....................................................29

*Johnson v. U.S. Auto. Ass'n*,
    2022 WL 2134492 (D. Nev. June 13, 2022) ....................................................29

*Kruso v. Int'l Tel. & Tel. Corp.*,
    872 F.2d 1416 (9th Cir. 1989) ....................................................17

*Legg v. Wyeth*,
    428 F.3d 1317 (11th Cir. 2005) ....................................................15

*Maas v. Zymbe, LLC*,
    2020 WL 2793527 (N.D. Cal. May 29, 2020) ....................................................33

*Mayes v. Rapoport*,
    198 F.3d 457 (4th Cir. 1999) ....................................................30

*Mayorga v. Costco Wholesale Corp.*,
    302 F. App'x 748 (9th Cir. 2008) ....................................................25

*McCabe v. Gen. Foods Corp.*,
    811 F.2d 1336 (9th Cir. 1987) ....................................................17, 30, 31

*Mike-Price v. Toshiba Lifestyle Prods. and Servs. Corp.*,
    2023 WL 3737811 (C.D. Cal. May 31, 2023) ....................................................33

*Morris v. Princess Cruises, Inc.*,
    236 F.3d 1061 (9th Cir. 2001) ....................................................16, 29, 30, 31

*Pacheco de Perez v. AT&T Co.*,
    139 F.3d 1368 (11th Cir. 1998) ....................................................30

*Potter v. Dark Horse Comics, Inc.*,
    2017 WL 2642973 (D. Or. May 17, 2017) ....................................................26

*R.R. Street & Co. Inc. v. Transp. Ins. Co.*,
    656 F.3d 966 (9th Cir. 2011) ....................................................33

*Ritchey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998) ....................................................16, 31

*In re Roundup Prods. Liab. Litig.*,
    396 F. Supp. 3d 893 (N.D. Cal. 2019) ....................................................15

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ....................................................33

*Strawn v. Farmers Ins. Co. of Oregon*,
    350 Or. 336 (2011)....................................................20

*United Comput. Sys., Inc. v. AT&T Corp.*,
    298 F.3d 756 (9th Cir. 2002) ....................................................16, 17

5-    DEFENDANTS' OBJECTIONS TO FINDINGS AND
        RECOMMENDATIONS

*Wecker v. Nat'l Enameling & Stamping Co.*,
  204 U.S. 176 (1907) ............................................................................................... 11, 16

*Wilson v. Republic Iron & Steel Co.*,
  257 U.S. 92 (1921) ..................................................................................................... 16

## Statutes

28 U.S.C. § 636(b)(1)(C) ................................................................................................ 15

28 U.S.C. § 1441(b) ........................................................................................................ 15

28 U.S.C. § 1442(a)(1) .................................................................................................... 12

## Rules

Fed. R. Civ. P. 72(b)(3) ................................................................................................... 15

## Constitutional Provisions

U.S. Const. art. III, § 2, cl. 1 .......................................................................................... 15

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Defendants respectfully object to the Findings and Recommendations issued by Magistrate Judge Youlee Yim You on April 10, 2024.  ECF No. 177.  The Findings and Recommendations (1) apply an erroneous standard for fraudulent joinder; (2) ignore key aspects and flaws of Plaintiff's allegations; and (3) impermissibly disregard an uncontradicted sworn declaration submitted in support of removal.  Accordingly, Defendants ask this Court to reject the Findings and Recommendations, find that the only non-diverse defendant has been fraudulently joined, and deny Plaintiff's Motion to Remand.

## I.   INTRODUCTION

Plaintiff County of Multnomah seeks to impose liability on Defendants for alleged impacts of global climate change based on claims of alleged deception and misrepresentation.[1]  Plaintiff's own briefing makes clear that Plaintiff's claims "hinge on Defendants' culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use, not simply their production and sale of fossil fuels."  ECF No. 98, at 25; *see also* ECF No. 146, at 5, 13.  The First Amended Complaint targets numerous longstanding fossil fuel companies that operate nationally and around the world and seeks $51 billion in damages and other compensation.  First Amended Complaint ("Complaint"), ECF No. 2-1, at 177, 379–80 (caption and prayer for relief).  Plaintiff's foundational theory is that this alleged cabal of powerful fossil fuel companies deliberately, knowingly, and effectively deployed a purported decades-long disinformation campaign designed to mislead the public into believing that climate change was not caused by the burning of fossil fuels.  Plaintiff's Complaint adds one lone Oregon Defendant, Space Age Fuel, Inc. ("Space Age"), into the mix.

---

[1] Many Defendants contend that they are not subject to personal jurisdiction in Oregon. Defendants submit this response subject to, and without waiver of, these or any other objections.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Space Age is fundamentally distinct from the other fossil fuel Defendants. Space Age is a family-owned business operating primarily in Oregon. Space Age does not operate nationally or globally like the other fossil fuel Defendants. *Critically and dispositively*, Plaintiff's Complaint does not contain any factual allegations that Space Age engaged in misrepresentations, schemes of false advertising, or deceptive conduct of any kind. Instead, Plaintiff merely alleges that Space Age sells and transports petroleum products. ECF No. 2-1, at 229–31 ¶¶ 158–66. In this context, Plaintiff's inclusion of Space Age is plainly an effort to evade federal jurisdiction by purporting to join a non-diverse Defendant with no role in the alleged deceptions for which Plaintiff has sued.

Defendants removed Plaintiff's suit to this Court. ECF No. 1. Under the doctrine of fraudulent joinder, if a plaintiff fails to state a cause of action against a non-diverse defendant, and that failure is obvious according to the well-settled rules of the State, the district court must disregard that defendant for purposes of diversity jurisdiction. Here, Plaintiff has obviously failed to state a claim against Space Age, an Oregon-based independent marketer and seller of fuel products. Although alleged misrepresentation is, by Plaintiff's own characterization, the predicate of its claims, Plaintiff fails to allege that Space Age made any false or misleading statement. In fact, Plaintiff's 204-page Complaint *does not allege a single statement made by Space Age*—not just a statement related to fossil fuels or climate change, but any statement at all, *not one*. Nor is Space Age alleged to have had any special knowledge about the alleged role fossil fuels play in contributing to climate change, or to have participated in any purported disinformation, or even to have been a member of any trade association that was allegedly involved in misrepresentation. Indeed, after the Complaint introduces Space Age, *see* ECF No. 2-1, at 229–31 ¶¶ 158–66, the company is not mentioned *anywhere else* in the 204-page pleading. Nor has Space Age been

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

named as a defendant in any of the more than two dozen climate change-related cases around the country—apart from this one.

Against the backdrop of this utter absence of allegations against Space Age, James Pliska, Space Age's president, submitted a sworn and unrebutted declaration making clear that Space Age has never engaged in any conduct of the sort that could subject it to liability under Plaintiff's theory. *See* Decl. of James C. Pliska in Supp. of Def. Space Age Fuel, Inc.'s Resp. in Opp'n to Pl.'s Mot. to Remand ("Pliska Decl."), ECF No. 142. Mr. Pliska's uncontradicted declaration confirms that Space Age has never engaged in any marketing campaign, lobbying or advocacy campaign, or research related to greenhouse gases, global warming, or the science of climate change; has never made *any* public statement about the causes, science, or effects of climate change; has never possessed any information about climate change beyond what has been available to the general public; and has never been a member of or otherwise connected with the Global Climate Coalition ("GCC"), the American Petroleum Institute ("API"), the Western States Petroleum Association ("WSPA"), or the Heartland Institute—all organizations that Plaintiff alleges spread disinformation about the risks of climate change. *Id.* ¶¶ 8–13. Critically, Plaintiff has not submitted any evidence—or even a specific allegation—to refute or contradict Mr. Pliska's sworn statements that Space Age has never engaged in the deception and misrepresentation that all of Plaintiff's claims "hinge on." Accordingly, Plaintiff obviously cannot state a claim premised—as Plaintiff's claims all are—on deception and misrepresentation against this Oregon Defendant.

Despite Mr. Pliska's declaration and the absence of allegations of deception against Space Age, the Magistrate Judge recommended granting Plaintiff's Motion to Remand. Defendants respectfully submit that, in so doing, she made a series of fundamental legal errors. *First*, she

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

improperly concluded that Plaintiff's claims did *not* require Plaintiff to plead a misrepresentation, even though Plaintiff has said its claims are premised on misrepresentation.  ECF No. 177, at 7–9. Indeed, if the Magistrate Judge's recasting of those claims were correct, and Plaintiff's theory were somehow no longer predicated on misrepresentation, that would transform the nature of this case, and potentially require re-briefing of alternative removal grounds asserted in Defendants' Notice of Removal as well as new removal grounds not previously apparent.  *Second*, the Magistrate Judge mistakenly ruled that even though Plaintiff premised its claims on misrepresentation, Plaintiff had pleaded a possible claim for relief against Space Age.  *Id.* at 9–10, 12–13.  This conclusion rests on wholly deficient and irrelevant allegations pertaining to *other Defendants*, which plainly do not apply to Space Age.  Plaintiff cannot contend or represent to the Court that such undifferentiated allegations were intended to encompass Space Age, as such allegations would be *false* with respect to Space Age, as demonstrated by Mr. Pliska's unrebutted declaration. In addition, the Magistrate Judge's recommendation is premised on an erroneously severe standard for fraudulent joinder, under which a district court is essentially precluded from ever considering the "merits of plaintiff's claims."  *Id.* at 13.  Nothing in the Ninth Circuit's caselaw authorizes that approach.  *Third*, the Magistrate Judge erroneously refused to consider the substance of Mr. Pliska's declaration, despite its clear relevance to Defendants' fraudulent joinder arguments.  *Id.* at 10–12.  This refusal contradicts Ninth Circuit precedent, under which "the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018).

If adopted by this Court, the Magistrate Judge's approach would functionally eviscerate the doctrine of fraudulent joinder, permitting a plaintiff to defeat federal jurisdiction with vague and baseless assertions against defendants collectively, and which are directly refuted by the

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

undisputed record as to the fraudulently joined defendant. That result would contravene the basic principle that "the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be . . . vigilant to protect the right to proceed in the Federal court." *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907). Moreover, it would be fundamentally unfair to allow Plaintiff to drag Space Age—a local, family-owned business with no role in any of the alleged misstatements or marketing at issue in Plaintiff's Complaint—into national multibillion dollar litigation (where Plaintiff is seeking *more than $51 billion* in alleged damages and abatement funds) alongside multinational oil companies over the alleged impacts of global climate change simply because Plaintiff would prefer to avoid federal court. The Court should accordingly decline to adopt the Findings and Recommendations and deny Plaintiff's Motion to Remand.

## II.    BACKGROUND

Plaintiff filed its original complaint in Multnomah County Circuit Court on June 22, 2023, and filed the First Amended Complaint on August 8, 2023. *See* ECF No. 2-1. The Complaint seeks to impose liability on Defendants for alleged impacts of global climate change based on claims of alleged deception and misrepresentation. Plaintiff brought four claims—for fraud, public nuisance, negligence, and trespass—all of which Plaintiff explicitly states "hinge," ECF No. 98, at 25, on a purported "scheme" to "deceptively promote" fossil-fuel products. *Id.* at 178 ¶ 1.

Plaintiff's Complaint names twenty-five individual Defendants, which Plaintiff characterizes as including "the world's second largest company by revenue," with assets valued at $346 billion, ECF No. 2-1, at 190–91 ¶¶ 26, 28; "one of the world's largest oil companies," with assets valued at $253 billion, *id.* at 201 ¶¶ 63, 64; "the world's largest independent petroleum refiner," *id.* at 217 ¶ 121; "the second largest privately held company in the United States," earning

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

more than $120 billion in annual revenue, *id.* at 219–20 ¶ 127; and "one of the world's largest and most influential consulting companies," *id.* at 249 ¶ 200.  With one exception, none of these Defendants is a citizen of Oregon.  *See* ECF No. 1 at 9–10.  The sole exception, Space Age, is a local, family-owned business that owns and operates twenty-one retail fuel and convenience stores and fifteen truck and trailers that supply retail and wholesale fueling facilities primarily in Oregon. *Id.* at 11.  The Complaint alleges no facts regarding Space Age aside from a cursory overview of the company's basic business operations.  ECF No. 2-1, at 229–31 ¶¶ 158–66.  Critically, Plaintiff's allegations about deceptive conduct are all directed generally to "Defendants," with no specific allegation about deception, marketing, or, indeed, any statement at all by Space Age.

Defendants Chevron Corporation and Chevron U.S.A., Inc., with the consent of the remaining Defendants, timely removed to this Court.  ECF No. 1.  Defendants principally invoked fraudulent joinder as a basis for subject matter jurisdiction.  *Id.* at 8–17.[2]  In addition, Defendants contended that removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiff's claims necessarily encompass some of the Defendants' significant production and sales activities undertaken at the direction of federal officers.  ECF No. 1 at 17–44.  Finally, Defendants argued that the case was removable under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), because Plaintiff's claims necessarily incorporate affirmative federal constitutional elements imposed by the First Amendment.  *Id.* at 44–47.

Plaintiff moved to remand, ECF No. 98, and the parties briefed the motion.  *See* ECF No. 140; ECF No. 146, ECF No. 149, Ex. 1.  In moving to remand, Plaintiff unequivocally asserted that all its "claims hinge on Defendants' culpable conduct in deceptively promoting and concealing

---

[2] Defendants also invoked the related doctrine of "procedural misjoinder."  ECF No. 1 at 15–17. That issue is not the subject of these Objections.

12-  **DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

the dangers of fossil fuel use, not simply their production and sale of fossil fuels." ECF No. 98, at 25; ECF No. 169, Tr. 14:19–22 (Plaintiff's counsel concedes that Plaintiff's claims "are based on the omissions or failures to disclose the substantial risks of anthropogenic climate change and the result of the defendant's unlawful conduct"). But, in attempting to respond to the fact that the Complaint alleges no facts that, if taken as true, would reflect that Space Age was involved in the purported misinformation campaign, Plaintiff's motion cited only a single event, which notably is never mentioned in the Complaint: a lawsuit Space Age filed in 2020 challenging on separation of powers grounds an executive order issued by Governor Kate Brown related to greenhouse gas emissions. *Id.* at 9–10.

In their Response to Plaintiff's Motion to Remand, Defendants emphasized that Plaintiff could not state a claim against Space Age because Plaintiff has not alleged any misrepresentation by Space Age. ECF No. 140 at 16–17. Defendants also explained that nothing in Space Age's 2020 lawsuit against Governor Brown constituted, or was even alleged to constitute, misinformation, and that any attempt to impose liability on Space Age for filing the lawsuit would run afoul of both the *Noerr-Pennington* doctrine and Oregon's long-recognized litigation privilege. *Id.* at 21–23. And Defendants explained Plaintiff could not state a failure-to-warn claim against Space Age because Space Age is not alleged to have had special knowledge regarding the alleged connection between greenhouse gas emissions and climate change beyond what was known to the general public. *Id.* at 26.

In its Reply, Plaintiff doubled down on its position that its claims are "based on a collective deception campaign," and *not* on Defendants' mere "production and sale of fossil fuels." ECF No. 146 at 5, 13. Rather than defend its citation to Space Age's 2020 lawsuit, Plaintiff raised a series of entirely new, irrelevant allegations as supposed examples of Space Age's purported

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

involvement in misinformation, including Space Age's alleged involvement in a local trade association, Mr. Pliska's testimony before a legislative committee, and his personal political campaign contributions. *Id.* at 9–11. As Defendants explained in a Sur-Reply accepted by the Court, Plaintiff's belatedly raised accusations still did not allege anything that was a misrepresentation or false statement—and, in any case, improperly targeted speech protected by the *Noerr-Pennington* doctrine and the First Amendment. ECF No. 149, at 18–22.

Following oral argument on February 13, 2024, the Magistrate Judge recommended granting the Motion to Remand. ECF No. 177. She concluded that Defendants' federal officer and federal question grounds were precluded by the Ninth Circuit's decision in *City of Oakland v. BP PLC*, 2023 WL 8179286 (9th Cir. Nov. 27, 2023), ECF No. 177 at 4–5, and rejected Defendants' procedural misjoinder argument, *id.* at 13–17. As to fraudulent joinder, the Magistrate Judge found that, notwithstanding Plaintiff's repeated representations to the Court in its Complaint, its briefing, and its statements at oral argument, Plaintiff's public nuisance, negligence, and trespass claims "do not require plaintiff to plead a misrepresentation to adequately state a claim." *Id.* at 7. The Magistrate Judge then assumed without finding that, "[e]ven if . . . plaintiff's claims for public nuisance, trespass and negligence necessarily and solely" hinge on misrepresentation, the analysis "would not change," citing a handful of generalized allegations *pertaining to other Defendants* that are devoid of any factual content relevant to Space Age, which she considered sufficient to state a "possible claim" *against Space Age specifically*. *Id.* at 9. The Magistrate Judge erred in declining to consider the substance of Mr. Pliska's declaration or to engage with various defenses and arguments proffered by Defendants, on the ground that "these issues go to the underlying merits of plaintiff's claims or defendants' defenses." *Id.* at 10–13.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Finally, the Magistrate Judge denied Plaintiff's request for an award of attorney's fees. *Id.* at 17–18. These Objections timely followed.

## III.   LEGAL STANDARD

If a party objects to the findings and recommendations of a magistrate judge, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may also "receive further evidence" or "return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## IV.   ARGUMENT

### A.   Defendants' Right To Remove This Action To Federal Court Cannot Be Defeated By Fraudulent Joinder.

When a case with greater than $75,000 in controversy is filed in state court and complete diversity exists between opposing parties, Congress has given defendants the right to remove the case to federal court. 28 U.S.C. § 1441(b). This "removal process was created by Congress to protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). Sometimes, however, a plaintiff will join "a non-diverse defendant" to "defeat diversity jurisdiction, even though there is no claim against that non-diverse defendant." *In re Roundup Prods. Liab. Litig.*, 396 F. Supp. 3d 893, 896 (N.D. Cal. 2019). In such cases, "district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare*, 889 F.3d at 548.

The doctrine of fraudulent joinder is of the utmost importance in the federal judicial system. It protects the defendants' right to a federal forum for cases in which parties have diverse citizenship. *See* U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1441(b). As the Supreme Court has

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

long recognized, a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Accordingly, when a plaintiff "attempts to sue in the state courts with a view to defeat Federal jurisdiction[,] . . . the Federal courts may, *and should*, take such action as will defeat attempts to wrongfully deprive" defendants of their right to litigate in federal court. *Wecker*, 204 U.S. at 182–83 (emphasis added).

Fraudulent joinder exists if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state." *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002). The Ninth Circuit has held that the fraudulent-joinder inquiry looks to whether there is "a *possibility* that a state court would find that the complaint states a cause of action" against the non-diverse defendant, remarking that this standard "accords" with standards adopted by other circuits that require a plaintiff's claim to be "reasonable" or "colorable." *Grancare*, 889 F.3d at 549 (citing cases).

Although the Ninth Circuit has cautioned that the fraudulent joinder analysis should not take the form of a "searching inquiry into the merits," *Grancare*, 889 F.3d at 549, the Ninth Circuit's caselaw also makes clear that some examination of the merits of the plaintiff's claims and applicable defenses is not only permissible, but will frequently be appropriate when evaluating fraudulent joinder. For example, the Ninth Circuit has affirmed findings of fraudulent joinder when a purported misrepresentation constituted "non-actionable" puffery, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001); when the claim was barred by the applicable statute of limitations, *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); when the plaintiff "failed to allege facts . . . demonstrating a basis for tort liability," *Hoffman v. May*, 313 Fed. App'x 955,

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

957 (9th Cir. 2009); when the defendant's conduct was privileged under state law, *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); and when the defendant was not a party to the contract at issue, *United Comput. Sys.*, 298 F.3d at 761; *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426–27 (9th Cir. 1989).  Indeed, it is difficult to see how the district court could fulfill its duty to determine whether a defendant has "present[ed] extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail" *without* some examination of the underlying merits and evidence offered in support of a defendant's briefing.  *Grancare*, 889 F.3d at 548.

**B.    Plaintiff Insists Its Claims Are All Predicated On Alleged Misrepresentation.**

The key predicate for all four of Plaintiff's claims is purported misrepresentation and deception by Defendants.  Plaintiff's Complaint generally asserts that Defendants (presumptively including, but not specifically identifying, Space Age) have participated in a "scheme" to "deceptively promote" fossil-fuel products, ECF No. 2-1, at 178 ¶ 1, have "lied publicly and repeatedly" about the harms of fossil fuels, *id.* 183 ¶ 11, and that their "deception continues to this day," *id.* 184 ¶ 12.  Plaintiff explicitly asserted in its Motion to Remand and Reply that "Plaintiff's claims *hinge on Defendants' culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use*, not simply their production and sale of fossil fuels."  ECF No. 98, at 25 (emphasis added); *see also* ECF No. 146, at 5, 13.  In light of this admission about the basis for all four of Plaintiff's claims, the Magistrate Judge erred in concluding that Plaintiff's claims for public nuisance, negligence, and trespass "do not require [P]laintiff to plead a misrepresentation to adequately state a claim."  ECF No. 177, at 7–8.  That conclusion ignores the theory of liability that is explicitly alleged in the operative complaint as well as Plaintiff's unequivocal representations to the Court about the basis of its claims.

a. Throughout this litigation, Plaintiff has argued that misrepresentation and deception are the basis for its claims.  The Complaint describes alleged misrepresentations as the predicate for

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Plaintiff's claims.  Plaintiff's suit "seeks damages and equitable relief for harm caused" by an alleged "scheme" to, among other things, "deceptively promote" fossil-fuel products.  ECF No. 2-1, at 178 ¶ 1.  "Defendants," Plaintiff alleges, "have known and foreseen for decades" the effects of fossil-fuel emissions, "but they lied and cynically sought to sow 'scientific' and public doubt." *Id*. at 182 ¶ 10.  They purportedly "lied publicly and repeatedly" about the harms of fossil fuels, *id*. at 183 ¶ 11, as part of an "enterprise to deceive the public," and their "deception continues to this day." *Id*. at 183 ¶ 11, 184 ¶ 12, 185 ¶ 15; *see also, e.g.*, *id*. at 184 ¶ 13, 184 ¶ 14, 185 ¶ 16, 235 ¶ 178, 247 ¶ 191, 248 ¶ 195, 298 ¶ 333, 300 ¶ 339, 303 ¶ 346, 307 ¶ 355, 361 ¶ 467 (all alleging similarly).

Plaintiff's specific causes of action tell the same story because all require pleading and proof of tortious conduct, which the Complaint makes clear consists of Defendants' purported misrepresentation and deception.  For example, Plaintiff's public nuisance claim alleges that Defendants' purportedly "deceitful promotion of fossil fuels" would "cause a public nuisance," and it maintains that any social utility from Defendants' activities is outweighed by alleged harms from climate change "*when coupled* with the Defendants' deception of the damage that is wrought therefrom." ECF No. 2-1, at 374 ¶ 508 (emphasis in original).  Similarly, Plaintiff's negligence claim hinges on Plaintiff's allegations that Defendants knew about alleged risks to global warming posed by fossil fuels but then "concealed" that knowledge and marketed their products "in a manner designed to conceal, downplay, and obfuscate" those risks.  *Id*. at 376 ¶ 516.  And Plaintiff's trespass claim asserts "intentional conduct" insofar as Defendants supposedly "knew" that their products would cause climate change.  *Id*. at 379 ¶ 530.

In its Motion to Remand, Plaintiff again emphasized the centrality of Defendants' alleged deception and misrepresentations to its theory of the case.  Plaintiff stated that its claims "hinge

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

on Defendants' culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use." ECF No. 98, at 25 (emphasis added). Moreover, Plaintiff contended that Defendants' alleged "fraudulent marketing, misleading representations, and deliberate concealment . . . gave rise to Plaintiff's claims," and that "liability under Plaintiff's claims hinges on defendants' wrongful promotion and concealment of the dangers of fossil fuel use, not simply their production and sale of fossil fuels." *Id.* at 26–27.

Elsewhere, the Motion states that Plaintiff seeks damages for injuries allegedly caused by a "decades-long campaign to discredit the science of global heating" and to "conceal the dangers" posed by fossil fuels. *Id.* at ii. Likewise, by its own characterization, Plaintiff "alleges that Defendants" have contributed to global warming "*while deceiving* consumers and the public about dangers associated" with their products. *Id*. at 1 (emphasis added). In Plaintiff's words, it is the alleged "fraudulent marketing, misleading representations, and deliberate concealment *that gave rise to Plaintiff's claims*." *Id*. at 26 (emphasis added).

In opposing Plaintiff's Motion to Remand, Defendants made clear that their argument for fraudulent joinder rested, in part, on the fact that Plaintiff's claims are based on misrepresentation and that Plaintiff cannot state a claim against Space Age because it has not alleged any misrepresentation by Space Age. ECF No. 140, at 16–17. Plaintiff did not retreat from its position or push back against this statement of its liability theory in its reply brief. Instead, it again doubled down on its assertion that its claims are "based on a collective deception campaign," ECF No. 146, at 13, and then attempted to introduce new allegations related to purported deception by Space Age. *See also* ECF No. 147, at 6–7 ("Plaintiff's claims hinge on the Fossil Fuel Defendants' individual *and collective* culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use, not simply their production and sale of fossil fuels."). In addition, at oral

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

argument, Plaintiff did not object to the idea that Plaintiff's claims rested on misrepresentations. ECF No. 169, Tr. 14:12–22.

**b.** Given Plaintiff's repeated insistence that the source of liability for all its claims is alleged deception and misrepresentation, the Magistrate Judge's conclusion that Plaintiff's claims for public nuisance, negligence, and trespass do not require Plaintiff to "plead a misrepresentation" is incorrect. It is true in the abstract that misrepresentation is not an element of the torts of public nuisance, negligence, or trespass; but, here, *Plaintiff's claims*—which seek to apply these torts to otherwise-lawful and commonplace business activities—explicitly "hinge" on Defendants' alleged misrepresentations and deception as the underlying tortious conduct.[3]

Indeed, the Ninth Circuit has conceptualized similar climate claims as "about whether oil and gas companies *misled the public* about dangers from fossil fuels." *City & Cnty. of Honolulu v. Sunoco LP*, 39 F.4th 1101, 1113 (9th Cir. 2022) (emphasis added). With this in mind, Defendants' counsel explained during oral argument that "***if*** the plaintiff's claim remains focused on alleged misrepresentations and deception … then the *City of Oakland* case does foreclose" Defendants' removal arguments under the *Grable* doctrine and the federal officer removal statute. ECF No. 169, Tr. 13:24–25 to 14:1–3 (referring to *City of Oakland*, 2023 WL 8179286) (emphasis added). In response, Plaintiff's counsel confirmed that its "position is the same." *Id.* 14:12.

If this Court finds, however, that Plaintiff's claims are *not* premised on misrepresentation and deception, but instead seek to impose tort liability for a far broader swath of activities that include "production, promotion, refining, marketing, consulting, and sales of fossil fuel-based consumer products," ECF No. 177, at 8 (quoting ECF No. 2-1, at 373 ¶ 505), this reopens the

---

[3] It does not appear to be contested that Plaintiff's fraud claim requires Plaintiff to allege misrepresentation. *See Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336, 351–52 (2011) (noting that an "essential element[] of a common-law fraud claim" is that "the defendant made a material misrepresentation that was false").

20- DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

question whether these Ninth Circuit cases are controlling and, as a result, whether Defendants have a basis for re-removal of the action on additional grounds or to re-brief previously asserted alternative grounds for removal. *See, e.g.*, *Fisher v. Asbestos Corp.*, 2014 WL 3752020, at *4 (C.D. Cal. July 30, 2014) (permitting removal where the plaintiff's theory of liability shifted upon remand); *see also Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021) (noting that "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3)").

## C. Plaintiff Does Not Allege Any Misrepresentation By Space Age And Thus Cannot Possibly State Any Cause Of Action Against Space Age.

As explained above, all of Plaintiff's claims require misrepresentation, but Plaintiff has not alleged any misrepresentation by Space Age. Moreover, Mr. Pliska's declaration, which Plaintiff has not even attempted to refute or contradict, confirms that Space Age has not engaged in any conduct that is the subject of Plaintiff's claims. Accordingly, Plaintiff has no possibility of stating any cause of action against Space Age, and Space Age has been fraudulently joined. The Magistrate Judge's conclusion to the contrary, which rested on a handful of conclusory, irrelevant, and factually deficient allegations, is in error. It would be fundamentally unfair to allow a plaintiff to force a defendant into court without making a single allegation of wrongdoing against that particular defendant, purely in order to defeat federal jurisdiction—but that is what the Findings and Recommendations would permit in this case where Plaintiff seeks to recover $51 *billion*.

**a.** Plaintiff's Complaint does not allege that Space Age is responsible for or connected to any of the allegedly tortious conduct underlying Plaintiff's claims. Space Age is *not* alleged to (1) have made any statement or communication or to have engaged in any marketing—false or otherwise—regarding climate change or any other topic related to this action; (2) have had any early or superior knowledge or understanding of climate-change science, or of the potentially

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

negative consequences of fossil fuels, on any level greater than the general public (or Plaintiff itself, for that matter); or (3) to be a member of any particular trade or industry association named in the Complaint.   There is simply no thread connecting Space Age with Plaintiff's basic, foundational assertion that "liability under Plaintiff's claims hinges on defendants' wrongful promotion and concealment of the dangers of fossil fuel use, not simply their production and sale of fossil fuels," ECF No. 98, at 27, and that "Plaintiff's allegations are based on a collective deception campaign," ECF No. 146 at 13.

Mr. Pliska's declaration confirms that Space Age has not engaged in any conduct on which Plaintiff premises its claims.  Mr. Pliska's declaration explains that Space Age is a "small, family-owned and operated Oregon business" founded by Mr. Pliska and his father in 1982.  Pliska Decl., ECF No. 142, ¶ 4.  Mr. Pliska attests that Space Age has never engaged in any marketing campaign, lobbying, or advocacy campaign related to greenhouse gases, global warming, or the science of climate change.  *Id.* ¶¶ 8, 9, 11.  In fact, Space Age has never made *any* public statement about the causes or science of climate change, the impact of Space Age's products or fossil fuel products generally on climate change, or the effects of climate change.  *Id.* ¶ 10.

Plaintiff's claims also rest on the theory that Defendants had special or early knowledge, from their own research and studies on climate change, of the alleged harm from their products, but concealed this knowledge from the public and Plaintiff.  *See, e.g.*, ECF No. 2-1, at 182–83 ¶ 10, 185 ¶ 15(b), 235 ¶ 178.  But it is undisputed that Space Age has never conducted research related to greenhouse gases, global warming, or the science of climate change.  Pliska Decl., ECF No. 142, ¶ 11.  Moreover, Space Age has never had any special or unique knowledge about climate change, *i.e. any* knowledge that was not generally and publicly available to the world, including Plaintiff.  As Mr. Pliska notes, "Space Age never obtained any information about greenhouse

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

gases, climate change, or the science of climate change, beyond what information has been available to the general public." *Id.* ¶ 12.  Mr. Pliska's declaration stands entirely unrebutted—in fact, Plaintiff has not even attempted to dispute or contradict any of the facts stated in the declaration.  Where the Complaint pleads no *factual* allegations otherwise as to these points, that is dispositive and fatal to Plaintiff's remand motion.

Plaintiff also bases its claims on the allegation that the purported misinformation campaign was conducted by and through several industry organizations, such as API, WSPA, GCC, and the Heartland Institute.  But, as Mr. Pliska's declaration again makes clear, Space Age has never been a member of API, WSPA, GCC, or the Heartland Institute and, again, the Complaint does not plead otherwise.  *See also* ECF No. 2-1 ¶ 187 (not listing Space Age among the members of API); ¶ 192 (same for WSPA).  The uncontested evidence before the Magistrate Judge established that Space Age has never participated in a meeting of any of these organizations, received any information from these organizations, taken any action on their behalf, or played any role in any alleged disinformation campaign by them.  *See* Pliska Decl., ECF No. 142, ¶ 13.  Plaintiff has made no assertions to the contrary.

Having failed to include any allegations against Space Age in its Complaint—even after amending the original complaint—Plaintiff spent its briefing engaged in a desperate search to find any sort of misrepresentation to attribute to Space Age.  As discussed, in its Motion to Remand, Plaintiff noted that Space Age had participated in a 2020 lawsuit challenging a greenhouse gas executive order by Governor Brown on separation-of-powers grounds, while in its Reply, Plaintiff raised additional accusations relating to Space Age's involvement in a local trade association and Mr. Pliska's campaign contributions and legislative testimony.  *See* ECF No. 98, at 9–10; ECF No. 146, at 9–11.  However, Defendants showed that Plaintiff did not identify any alleged

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

misrepresentations or deception in any of these irrelevant activities, and that this conduct was protected by the First Amendment, *Noerr-Pennington*, and litigation privilege. *See* ECF No. 140, at 21–23; ECF No. 149, at 18–22. Correctly, the Magistrate Judge did not rely on these allegations in her Findings and Recommendations.

**b.** Instead, the Magistrate Judge found that "[e]ven if . . . plaintiff's claims for public nuisance, trespass, and negligence necessarily and solely 'hinge on Defendants' culpable conduct in deceptively promoting and concealing the dangers of fossil fuel use,'" Plaintiff's claims could still succeed based on just two conclusory allegations in the Complaint. ECF No. 177, at 9 (quoting ECF No. 140, at 10). First, the Magistrate Judge pointed to the Complaint's allegation regarding Space Age's purported "refusal to disclose" the climate-related harm from its business operations. ECF 2-1, at 231 ¶ 166. Second, she noted Plaintiff's allegation that "defendants collectively . . . 'execut[ed] . . . a scheme to rapaciously sell fossil fuel products and deceptively promote them,'" particularly by "'mobiliz[ing] a campaign to create'" GCC. ECF No. 177 (quoting ECF No. 2-1, at 178 ¶ 1, 183 ¶ 12). Defendants respectfully submit that the Magistrate Judge erred on both counts.

As to the alleged "refusal to disclose," Plaintiff cannot possibly state any failure-to-warn claim against Space Age under settled Oregon law. As Mr. Pliska has made clear, not only has Space Age never engaged in any marketing campaign relating to climate change, it has also never possessed any knowledge or information about climate change, climate-change science, or the effects of climate change "beyond what information has been available to the general public." Pliska Decl., ECF No. 142, ¶ 12. Nor has Space Age conducted any of its own research into climate change, or received any information from GCC, API, WSPA, or Heartland Institute. *Id.* ¶¶ 11, 13. Neither the Complaint, nor Plaintiff's briefing, contain any suggestion to the contrary.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

By definition, then, any knowledge Space Age might have had about climate change would have been information known generally to the public. Under well-settled Oregon law, a seller is not required to give warning of a danger when the danger is "generally known." *Benjamin v. Wal-Mart Stores, Inc.*, 185 Or. App. 444, 454 (2002); *see also Mayorga v. Costco Wholesale Corp.*, 302 F. App'x 748, 749 (9th Cir. 2008) ("Under Oregon law the legal duty to warn arises only as to hazards that are not generally known and recognized, that is, that are not obvious." (collecting cases)).

Indeed, the Complaint itself makes clear that the alleged consequences of climate change have been widely discussed for decades. *See, e.g.*, ECF No. 2-1, at 315–16 ¶¶ 366–68, 347 ¶ 431. And it is a matter of public record that Plaintiff itself has been aware of these issues for decades. For example, in 2001 Plaintiff and the City of Portland jointly released a "Local Action Plan on Global Warming," which noted in its very first paragraph that "[g]lobal climate change presents one of the foremost threats . . . of the new century," and that "[t]here is broad agreement in the scientific community that human activities are contributing to" climate change, "largely by releasing carbon dioxide in the atmosphere through burning fossil fuels." ECF No. 140, Ex. 3 (City of Portland and Multnomah County, Local Action Plan on Global Warming at 1 (Apr. 2001)). In fact, public records confirm that the City of Portland has partnered with Multnomah County and others to pursue a "global warming reduction" strategy since 1993. *See* City of Portland, Global Warming Reduction Strategy, https://www.portland.gov/bps/climate-action/documents/1993-global-warming-reduction-strategy/download (Nov. 1993).

The bare assertion that Space Age "refused" to disclose a danger that was common knowledge cannot serve as a basis for liability under any stretch. Oregon does not impose liability

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

on a person failing to speak absent a duty to speak. *Gregory v. Novak*, 121 Or. App. 651, 655 (1993) ("Silence in the absence of a duty to speak is not a representation.").

Nor do Plaintiff's undifferentiated allegations against unspecified "Defendants" suffice to state a "refusal to disclose" claim against Space Age. Unsurprisingly, given that there are over two dozen Defendants, Plaintiff's generalized allegations against "Defendants" do not in fact relate to all Defendants, and certainly not to Space Age. For example, Plaintiff attempts to allege that the Defendants generally somehow had the same alleged knowledge as API or WSPA, but Space Age is not even alleged to have been a member of either group. *See* ECF No. 2-1, at 245–46 ¶ 187 (identifying members of API, which does not include Space Age); *id.* at 247 ¶ 192 (identifying members of WSPA, which does not include Space Age). In fact, there are ***no*** allegations in the Complaint relating to Space Age's purported knowledge, which renders the allegations deficient as to Space Age. *E.g.*, *Potter v. Dark Horse Comics, Inc.*, 2017 WL 2642973, at *2 (D. Or. May 17, 2017) ("Plaintiff's complaint should be dismissed because it makes undifferentiated allegations against multiple defendants" with "no mention of any specific acts made against an individual Defendant"), *report and recommendation adopted*, 2017 WL 2642276 (D. Or. June 16, 2017).[4]

As to the allegations of a "collective[]" "scheme"—in particular, the founding of GCC— Plaintiff's allegations as to Space Age similarly fail, because there are no allegations that *Space Age* has engaged in any of this conduct. Nor could there be: Mr. Pliska's declaration attests that

---

[4] In the Motion and argument, Plaintiff pointed to the emissions that Space Age annually reports to the Oregon Department of Environmental Quality as attributable to fuel it imports into the State. ECF No. 98, at 7. Those emissions obviously cannot establish a "refusal to disclose" claim since, as Plaintiff itself acknowledges, "[t]hese numbers were self-reported [by Space Age] to" the State pursuant to state law. *Id.* And, of course, if contributing to emissions were alone enough to impose liability for such a claim, then every single person who uses gas and electricity, including the County itself (which generates 10,000 metric tons or more of greenhouse emissions annually from its operations, Dkt. 140 Ex. 1, at 1) would be liable under Plaintiff's theory. *See City of New York v. Chevron Corp.*, 993 F.3d 81, 86 (2d Cir. 2021) (explaining that "every single person who uses gas and electricity—whether in travelling by bus, cab, Uber, or jitney, or in receiving home deliveries via FedEx, Amazon, or UPS—contributes to global warming").

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

Space Age has never engaged in any marketing campaign, lobbying, or advocacy campaign, nor made any public statement, related to climate change.  Pliska Decl., ECF No. 142, ¶¶ 8–10.  Nor has it ever been a member of, or worked with, GCC or any of the other trade associations named in the Complaint.  *Id.* ¶ 13.  Plaintiff suggests Space Age should be held liable for alleged activities of its far larger co-defendants, including companies described as some of the largest in the world, valued at hundreds of billions of dollars.  *See, e.g.*, ECF No. 2-1, at 190–91 ¶¶ 26–28, 196 ¶ 45, 201 ¶¶ 63–64, 219–20 ¶ 127, 249 ¶ 200.  But Plaintiff cites no basis for this version of collective liability because there is none.

The Magistrate Judge also erred in her analysis regarding the allegation that the collective group of "Fossil Fuel Defendants" "mobilized a campaign to create the 'Global Climate Coalition.'"  ECF No. 2-1, at 183 ¶ 12; *see also* ECF No. 177, at 9.  The Complaint does not make a single allegation that would tie Space Age—a family-owned Oregon company—to GCC—even indirectly.  It does not allege that Space Age was ever a member of GCC, donated money to GCC, attended a meeting of GCC, had any communications with GCC, or otherwise had any involvement in GCC.  And notably, during the voluminous briefing on remand, Plaintiff never—not once—offered a shred of evidence, or even a new allegation, that would link Space Age to GCC.  Nor could Plaintiff, because Mr. Pliska has confirmed that Space Age "has never been a member" of GCC, has never participated in a meeting with GCC, has never taken any action on behalf of GCC, has never received any information from GCC, and has never played any role in any alleged disinformation campaign by GCC.  Pliska Decl., ECF No. 142, ¶ 13.  Plaintiff has not attempted to meaningfully contest any of this in its briefing.

In concluding that a claim against Space Age could be salvaged from these allegation-free pleadings, the Magistrate Judge cited language in *Grancare* stating that the defendant's argument

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

that the plaintiff had "'lump[ed]'" the defendants together "went 'to the sufficiency of the complaint.'"  ECF No. 177, at 12 (quoting *Grancare*, 889 F.3d at 552).  Respectfully, this overreads *Grancare*, where the circumstances differed markedly from those here, and which cannot be read to justify the result Plaintiff has attempted here.  In *Grancare*, the estate of a woman who passed away in a nursing home sued the companies that operated the facility and various administrators and employees of the facility, including the in-state defendant, a "nursing home administrator."  *Id.* at 546.  The complaint in *Grancare* contained what the district court referred to as "several facts specific" to the in-state defendant—including specific allegations that the defendant was "responsible for the day-to-day operations" of the nursing home, personally failed to conduct a screening and interview of the resident as required by California law, and was personally "unfit to perform [her] job duties."  2016 WL 1082780, at *2–3, 5 (N.D. Cal. Mar. 21, 2016).  The Ninth Circuit's opinion devoted significant space to explaining how, under these specific allegations, the plaintiffs could possibly state a claim against the in-state defendant.  889 F.3d at 550–52.

Here, unlike in *Grancare*, Plaintiff has included no specific allegations whatsoever against Space Age.  Moreover, the differences between Space Age and the other Defendants in this case far exceed the differences between the in-state defendant and other defendants in *Grancare*, and Plaintiff has provided no basis for holding Space Age liable for the purported activities of its co-defendants.  In fact, the district court in *Grancare* specifically distinguished its holding, which rejected fraudulent joinder, from a prior case against the same defendants *finding fraudulent joinder* because the complaint "did not contain a single specific allegation against" the in-state defendant, who was instead "merely identified at the beginning of the complaint."  2016 WL

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

1082780, at *4 (citing *Johnson v. Grancare, LLC*, 2015 WL 6865876 (N.D. Cal. Nov. 9, 2015)).[5] That is precisely what has occurred here. Subsequent district court decisions have confirmed that finding fraudulent joinder when the plaintiff has "not included a single factual allegation" against the in-state defendant is consistent with *Grancare*. *Johnson v. U.S. Auto. Ass'n*, 2022 WL 2134492, at *3 n.1 (D. Nev. June 13, 2022). Under *Grancare*, Plaintiff cannot fold Space Age into a series of generalized allegations against some of the world's largest oil companies—that unequivocally do not apply to Space Age—merely because it would prefer to avoid federal court.

The Findings and Recommendations fail to grapple with any of these clear flaws in Plaintiff's effort to assert a claim against Space Age under Plaintiff's own theory of deception and misrepresentation. Instead, the Magistrate Judge simply stated that Plaintiff could "assert[] a possible claim for relief against Space Age," and largely disregarded Defendants' arguments and defenses as going to the merits. ECF No. 177, at 9, 13. This approach would render the fraudulent joinder inquiry meaningless and is not supported by caselaw. To the contrary, as discussed, Ninth Circuit precedent reflects that although a "searching inquiry into the merits" is inappropriate, *Grancare*, 889 F.3d at 549, district courts should find fraudulent joinder when a defendant has presented "extraordinarily strong evidence or arguments," *id.* at 548; when the plaintiff's allegations are "non-actionable," *Morris*, 236 F.3d at 1068; or when the plaintiff "failed to allege facts . . . demonstrating a basis for tort liability," *Hoffman*, 313 Fed. App'x at 957. No deep consideration of the merits is required to conclude that these standards are met here, and that Plaintiff has failed to include any actionable allegations against Space Age.

---

[5] The *Johnson* case finding fraudulent joinder also applied a Rule 12(b)(6) standard. *See* 2015 WL 6865876, at *2. The Ninth Circuit made clear in *Grancare* that this was inappropriate. *See* 889 F.3d at 547, 549. But the Ninth Circuit did not criticize the *Johnson* court's reliance on the absence of any specific allegations against the in-state defendant.

29- DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

**D.      The Declaration By Space Age's President Should Be Considered In Evaluating Whether Space Age Was Fraudulently Joined.**

The complete absence of any misrepresentation allegations against Space Age in Plaintiff's Complaint is enough for this Court to find fraudulent joinder and deny Plaintiff's Motion to Remand.  But this result is further confirmed by the declaration submitted by Space Age's president, James C. Pliska.  *See* ECF No. 142.  As outlined above, this declaration, which Plaintiff did not attempt to rebut, establishes that the company has never been involved in any of the alleged misrepresentations that form the basis for Plaintiff's claims against the other Defendants.  In holding that Plaintiff could possibly state a claim, the Magistrate Judge disregarded the substance of Mr. Pliska's declaration.  *See* ECF No. 177, at 10–12.  Doing so was improper under Ninth Circuit precedent.

The Ninth Circuit has clearly held that "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Grancare*, 889 F.3d at 549 ("[T]he party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined.").  As the Ninth Circuit suggested in *Morris*: "'[F]raudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony.'"  236 F.3d at 1068 (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).  This endorsement of district courts' authority to pierce the pleadings and engage in a summary judgment-style analysis is in line with the caselaw in other circuits.  *See, e.g.*, *Gentek Bldg. Prods, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

The Magistrate Judge acknowledged that "courts have sometimes considered materials outside the complaint to determine fraudulent joinder," but sharply limited extrinsic materials to a few narrow categories, such as the plaintiff's own admissions or an incorporated contract. ECF No. 177, at 11. Nothing in the Ninth Circuit's caselaw authorizes such a constrained approach. To the contrary, in *McCabe*, for example, the Ninth Circuit emphasized that "the district court had before it the pleadings plus the sworn declaration" of the in-state defendants making clear that joinder had been fraudulent, by attesting to the fact that "they had acted in the interests of their [diverse] employer." *McCabe*, 811 F.2d at 1339. Ultimately, the Ninth Circuit found fraudulent joinder based solely on the complaint—but, as the Ninth Circuit explicitly affirmed in a later fraudulent joinder case, if the *McCabe* court "had been required to look at facts outside of the complaint to decide" the issue of fraudulent joinder, it "would have done so." *Ritchey*, 139 F.3d at 1318. The Magistrate Judge did not reconcile her ruling with *McCabe*. Likewise, in *Morris*, the Ninth Circuit affirmed that it was proper to use "affidavits and deposition testimony" when evaluating fraudulent joinder. 236 F.3d at 1068.

A case in this Court, *DaCosta v. Novartis AG*, illustrates this principle. 180 F. Supp. 2d 1178 (D. Or. 2001). In *DaCosta*, the plaintiffs alleged that the defendant drug company failed to warn their physician about health risks associated with certain drugs and included as the sole in-state defendant the company's pharmaceutical sales representative. *Id.* at 1180. The defendants removed, arguing that the sales representative had been fraudulently joined, and included an affidavit from the sales representative contesting the plaintiffs' allegations and presenting facts that would "preclude any causal connection between [the sales representative] and Plaintiffs' alleged harm." *Id.* at 1183. Judge Brown denied plaintiffs' motion to remand, noting that the plaintiffs "did not submit any affidavits or other evidence to refute" the affidavit, and holding that

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

"[w]hen a removing party presents evidence that establishes a claim of fraudulent joinder, however, the Court has no authority to grant a motion to remand based on the possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of record." *Id.* As in *DaCosta*, here Space Age has properly included an uncontested declaration setting out specific facts that make clear that Plaintiff is unable to state a claim against the company, thus establishing fraudulent joinder. Again, the Magistrate Judge did not even attempt to address *DaCosta*.

The Magistrate Judge also appeared to find that Mr. Pliska's declaration should not be considered if it would not be admissible under a Rule 12(b)(6) motion to dismiss, because fraudulent joinder requires "clearing [a] higher hurdle." ECF No. 177, at 11–12. Defendants respectfully disagree. It is true that the Ninth Circuit held in *Grancare* that fraudulent joinder differs from the Rule 12(b)(6) inquiry. But this says nothing about what forms of evidence may be considered in a fraudulent-joinder analysis, nor does it imply that the rule for considering extrinsic evidence in the fraudulent joinder context is comparable to the Rule 12(b)(6) context. Indeed, in *Grancare*, the Ninth Circuit also reaffirmed that "the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined." 889 F.3d at 549. As the Central District of California recently explained: "*GranCare*'s statement regarding meeting the Rule 12(b)(6) pleading standards has not been read to overrule the Ninth Circuit's caselaw holding that a defendant is entitled to present facts showing the joinder to be fraudulent. . . . In fact, the Ninth Circuit in *GranCare* reaffirmed its previous holding that a defendant may present extraordinarily strong evidence or arguments to establish fraudulent

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

joiner." *Mike-Price v. Toshiba Lifestyle Prods. and Servs. Corp.*, 2023 WL 3737811, at *4 (C.D. Cal. May 31, 2023) (citations omitted).[6]

Considering extrinsic evidence when evaluating jurisdiction is consistent with federal district courts' approach to Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction, for which it is black-letter law that a court may consider "affidavits or other evidence." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Indeed, the Ninth Circuit in *Grancare* compared the fraudulent-joinder standard to the Rule 12(b)(1) standard. *See* 889 F.3d at 549. And it is likewise consistent with the "virtually unflagging obligation of the district court to hear jurisdictionally sufficient claims." *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977 (9th Cir. 2011).

Finally, the Magistrate Judge erred in declining to consider Mr. Pliska's declaration on the ground that it was simply a "'denial . . . of [Plaintiff's] allegations.'" ECF No. 177, at 10 (quoting *Grancare*, 889 F.3d at 551). Mr. Pliska's declaration is far from the "blanket denial[]," *Maas v. Zymbe, LLC*, 2020 WL 2793527, at *6 (N.D. Cal. May 29, 2020), or the "general denial of wrongdoing," *Berg v. Ferring Pharm., Inc.*, 2016 WL 4974942, at *5 (C.D. Cal. Sept. 16, 2016), that other courts have found to be inadequate. And it is far from the cursory, seven-paragraph declaration submitted by the in-state defendant in *Grancare*, which simply denied the allegations in the complaint. *See* Decl. of Remy Rhodes, ECF No. 1-4, *Grancare, LLC v. Thrower*, No. 3:15-cv-5575-WHA, 2016 WL 1082780 (N.D. Cal. Mar. 21, 2016). Rather, Mr. Pliska's declaration goes into considerable detail on Space Age's activities; its lack of participation in any

---

[6] The court in *Mike-Price* declined to find fraudulent joinder, but this was because plaintiffs had presented "conflicting evidence" in the form of their own declaration and a considerable number of other materials. 2023 WL 3737811, at *7. The court contrasted that with cases in which "the plaintiff only relied on the complaint's unsubstantiated allegations for the assertion that the non-diverse defendant was not fraudulently joined," in which fraudulent joinder would be appropriate. *Id.* That is precisely the circumstance here.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

misrepresentation or other activities related to climate change; its lack of involvement with the trade associations named by Plaintiff; and the circumstances of its 2020 lawsuit. *See generally* ECF No. 142. As such, it is similar to the declaration from the in-state pharmaceutical sales representative in *DaCosta*, which served as the basis for denying remand. *See* 180 F. Supp. 2d at 1182–83.

In fact, given the complete lack of any facts alleged *specifically* against Space Age in the Complaint, what is averred in Mr. Pliska's declaration is not even a denial. For example, as noted, the Complaint does not allege that Space Age is a member of GCC, and Mr. Pliska confirms that Space Age "has never been a member" of GCC or otherwise had any involvement. Pliska Decl., ECF No. 142, ¶ 13. Plaintiff makes no effort to rebut these facts. Rather, this Court should consider Mr. Pliska's declaration in full, especially in light of Plaintiff's failure to even attempt to deny or contradict Mr. Pliska's averments with any contrary evidence, or even to make a specific allegation about Space Age that would contradict anything Mr. Pliska's declaration states. Considering this declaration, Plaintiff's unsupported reliance on general allegations about the "Defendants" in this case cannot support Plaintiff's motion to remand.

At bottom, adopting the Magistrate Judge's approach to Mr. Pliska's declaration would create a gaping hole in fraudulent-joinder doctrine, allowing a plaintiff to name an in-state defendant based on generalized, outlandish, or flatly incorrect allegations purely to evade federal jurisdiction, without permitting the defendant to correct the record. That approach would directly undermine the purpose of fraudulent-joinder doctrine and contravene Ninth Circuit precedent.

## V.    CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Notice of Removal and briefing regarding Plaintiff's Motion to Remand, this Court should decline to adopt the Magistrate Judge's

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

Findings and Recommendations and deny Plaintiff's Motion to Remand. Defendants also respectfully request oral argument on their Objections.

DATED: April 24, 2024.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

By:      _/s/ James T. McDermott__

James T. McDermott, OSB 933594
Email: jmcdermott@mwcc.law
Dwain M. Clifford, OSB 025074
Email: dclifford@mwcc.law
**MCDERMOTT WEAVER CONNELLY CLIFFORD LLP**
1000 SW Broadway, Suite 960
Portland, Oregon 97205
Tel: (503) 208-6848

Theodore V. Wells, Jr. (admitted *pro hac vice*)
Email: twells@paulweiss.com
Daniel J. Toal (admitted *pro hac vice*)
Email: dtoal@paulweiss.com
Yahonnes Cleary (admitted *pro hac vice*)
Email: ycleary@paulweiss.com
Caitlin Grusauskas (admitted *pro hac vice*)
Email: cgrusauskas@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3000

*Attorneys for Defendant Exxon Mobil Corporation*

By:      _/s/ Michael J. Estok__

**LINDSAY HART, LLP**
Michael J. Estok, OSB #090748
1300 SW Fifth Avenue, Suite 3400
Portland, OR 97201-5640
Telephone: (503) 226-7677
Facsimile: (503) 226-7697
mestok@lindsayhart.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Matthew T. Martens (*pro hac vice*)
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
matthew.martens@wilmerhale.com

By:      _/s/ Renée E. Rothauge__

**PERKINS COIE LLP**
Renée E. Rothauge, OSB No. 903712
RRothauge@perkinscoie.com
Julia E. Markley, OSB No. 000791
JMarkley@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: +1.503.727.2000

**GIBSON, DUNN & CRUTCHER LLP**
Theodore J. Boutrous, Jr., *pro hac vice*
tboutrous@gibsondunn.com
William E. Thomson, *pro hac vice*
wthomson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

Andrea E. Neuman, *pro hac vice*
aneuman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

Thomas G. Hungar, *pro hac vice*
thungar@gibsondunn.com
1050 Connecticut Avenue, N.W.,
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

Joshua D. Dick, *pro hac vice*
jdick@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: 415.393.8200
Facsimile: 415.374.8451

*Attorneys for Defendants Chevron Corporation and Chevron U.S.A. Inc.*

36-  DEFENDANTS' OBJECTIONS TO FINDINGS AND RECOMMENDATIONS

Hallie B. Levin (*pro hac vice*)
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
hallie.levin@wilmerhale.com

Robert Kingsley Smith (*pro hac vice*)
60 State Street
Boston, MA 02109
Telephone: 617-526-6000
Facsimile: 617-526-5000
E-mail: robert.smith@wilmerhale.com

*Attorneys for Defendant ConocoPhillips*

By:      */s/ Joshua P. Stump__*

Joshua P. Stump, OSB No. 974075
Email: jstump@dunncarney.com
**DUNN CARNEY ALLEN HIGGINS &
TONGUE LLP**
851 SW 6th Ave., Ste. 1500
Portland, Oregon 97204
Telephone: 503-224-6440
Facsimile: 503-224-7324

Anna G. Rotman, P.C. (*pro hac vice*)
Email: anna.rotman@kirkland.com
Kenneth A. Young (*pro hac vice*)
Email: kenneth.young@kirkland.com
Allyson C. Arias (*pro hac vice*)
Email: ally.arias@kirkland.com
**KIRKLAND & ELLIS LLP**
609 Main Street
Houston, Texas 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601

*Counsel for Defendants TotalEnergies, SE &
TotalEnergies Marketing USA, Inc.*

By:      */s/ Pilar C. French__*

**LANE POWELL PC**
Pilar C. French, OSB No. 962880
Ryan O'Hollaren, OSB No. 231160
Telephone:  503.778.2100

By:        */s/ Duke K. McCall, III__*

**MORGAN, LEWIS & BOCKIUS LLP**
Duke K. McCall, III (*pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: (202) 739-3000
Fax: (202) 739-3001
duke.mccall@morganlewis.com

**BARG SINGER HOESLY P.C.**
Cody Hoesly
121 SW Morrison Street, Suite 600
Portland, OR 97204
Tel: (503) 241-8521
choesly@bargsinger.com

*Counsel for Defendant Occidental
Petroleum Corporation*

By:        */s/ William A. Burck__*

**Q**UINN **E**MANUEL **U**RQUHART **&**
**S**ULLIVAN, **LLP**
William A. Burck
Alexander J. Merton
1300 I Street NW, Suite 900
Washington, DC 20005
202-538-8000
williamburck@quinnemanuel.com
ajmerton@quinnemanuel.com

Michelle Schmit
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Tel. (312) 705-7400
michelleschmit@quinnemanuel.com

**H**OLLAND **& K**NIGHT **LLP**
J. Matthew Donohue
Kristin M. Asai
601 SW Second Avenue, Suite 1800
Portland, OR 97204
503-517-2913
503-517-2948
matt.donohue@hklaw.com
kristin.asai@hklaw.com

37-   DEFENDANTS' OBJECTIONS TO FINDINGS AND
RECOMMENDATIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222

*Attorneys for Defendants Marathon Oil Company and Marathon Oil Corp.*

By:        /s/ Joshua M. Sasaki

Joshua M. Sasaki, OSB No. 964182
KC Hovda, OSB No. 160764
Christopher J. Riley, OSB No. 211614
josh.sasaki@millernash.com
kc.hovda@millernash.com
christopher.riley@millernash.com
**MILLER NASH LLP**
US Bancorp Tower
111 SW Fifth Ave, Ste 3400
Portland, OR 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

*Attorneys for Defendant Western States Petroleum Association*

By:        /s/ Jeff S. Pitzer

Jeff S. Pitzer, OSB No. 020846
jpitzer@pitzerlaw.net
**PITZER LAW**
210 SW Morrison St., Suite 600
Portland, OR 97204
Telephone: (503) 227-1477

*Attorneys for Defendant Valero Energy Corp.*

By:        /s/ James F. Bennett

James F. Bennett
MO Atty. Reg. No. #46826
Matthew E. Johnson
CO Atty. Reg. No. 40984
**DOWD BENNETT LLP**
1775 Sherman St., Suite 2700
Denver, CO 80203
Telephone: 303-353-4361
Facsimile: 314-863-2111
jbennett@dowdbennett.com
mjohnson@dowdbennett.com

*Attorneys for Defendant Valero Energy Corp.
Admitted Pro Hac Vice*

**STINSON LLP**
Todd Noteboom
Andrew W. Davis
Andrew Leiendecker
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
612-335-1500
todd.noteboom@stinson.com
andrew.davis@stinsonleonard.com
andrew.leiendecker@stinson.com

*Counsel for Defendant Koch Industries Inc.*

By:        /s/ Elizabeth H. White

**K&L GATES LLP**
Elizabeth H. White, OSB #204729
elizabeth.white@klgates.com
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone:      +1 503.228.3200
Facsimile:      +1 503.248.9085

**KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.**
David C. Frederick, *pro hac vice*
dfrederick@kellogghansen.com
James M. Webster, III, *pro hac vice*
jwebster@kellogghansen.com
Daniel S. Severson, *pro hac vice*
dseverson@kellogghansen.com
Dennis D. Howe, *pro hac vice*
dhowe@kellogghansen.com
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:      +1 202.326.7900
Facsimile:      +1 202.326-7999

*Attorneys for Defendants Shell plc, Shell USA, Inc., and Equilon Enterprises LLC*

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: +1.503.727.2000
Fax: +1.503.727.2222

By:        /s/ Patrick C. Wylie__

**DAVIS ROTHWELL EARLE & XÓCHIHUA, PC**
Patrick C. Wylie, OSB No. 085187
pwylie@davisrothwell.com
Matthew R. Wiese, OSB No. 070740
mwiese@davisrothwell.com
200 SW Market Street, Suite 1800
Portland, OR  97201
Telephone:  503.222.4422
Facsimile:  503.222.4428

**HUNTON ANDREWS KURTH LLP**
Shannon S. Broome, *pro hac vice*
sbroome@HuntonAK.com
50 California Street, Suite 1700
San Francisco, CA  94111
Telephone:  415-975-3718
Facsimile:  415.975.3701

Shawn Patrick Regan, *pro hac vice*
sregan@HuntonAK.com
200 Park Avenue, 52nd Floor
New York, NY  10166
Telephone:  212.309.1000
Facsimile:  212.309.1100

Cassandra C. Collins, *pro hac vice*
scollins@HuntonAK.com
951 E. Byrd Street, Suite 200
Richmond, VA  23219
Telephone:  804.788.8692
Facsimile:  804.343.4509
Ann Marie Mortimer, *pro hac vice*
amortimer@HuntonAK.com
550 S. Hope Street, Suite 2000
Los Angeles, CA  90071
Telephone:  213.532.2000
Facsimile:  213.532.2020

*Attorneys for Defendant Marathon Petroleum Corp.*

By:        /s/ Brad S. Daniels__

Brad S. Daniels (OSB No. 025178)
**STOEL RIVES LLP**
760 SW Ninth Ave, Suite 3000
Portland, OR 97205
Telephone: (503) 294-9854

By:        /s/ Douglas J. Raab__

**BROWNSTEIN RASK, LLP**
Douglas J. Raab, OSB #934017
draab@brownsteinrask.com
Scott L. Jensen, OSB #862121
sjensen@brownsteinrask.com
1 SW Columbia Street, Suite 900
Portland, OR 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074

*Attorneys for Defendant Space Age Fuel, Inc.*

By:        /s/ Evelyn E. Winters__
**BULLIVANT HOUSER BAILEY PC**
Evelyn E. Winters, OSB #093444
E-mail: evelyn.winters@bullivant.com
925 Fourth Avenue; Suite 3800
Seattle, WA 98104
Telephone: 206-292-8930
Facsimile: 206-386-5130

*- And -*

By:        /s/ Jeremiah J. Anderson__

**MCGUIREWOODS LLP**
Jeremiah J. Anderson, Pro Hac Vice
E-mail: jjanderson@mcguirewoods.com
Texas Tower, 24th Floor
845 Texas Ave.
Houston, TX 77002
Telephone: 832-255-6339
Facsimile: 832-255-6386

Brian D. Schmalzbach, Pro Hac Vice
E-mail:
bschmalzbach@mcguirewoods.com
800 East Canal Street
Richmond, VA 23219
Telephone: 804-775-4746
Facsimile: 804-698-2034

*Attorneys for Defendant American Petroleum Institute*

39-  DEFENDANTS' OBJECTIONS TO FINDINGS AND
     RECOMMENDATIONS

Facsimile: (503) 294-2480
Email: brad.daniels@stoel.com
Nancy G. Milburn (*pro hac vice*)
Diana E. Reiter (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Email: nancy.milburn@arnoldporter.com
Email: diana.reiter@arnoldporter.com

John D. Lombardo (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199
Email: john.lombardo@arnoldporter.com

Jonathan W. Hughes (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
Email: jonathan.hughes@arnoldporter.com

*Counsel for Defendants BP PRODUCTS NORTH AMERICA INC., BP p.l.c., and BP AMERICA INC.*

By:      */s/ Clifford S. Davidson__*

**SNELL & WILMER L.L.P.**
Clifford S. Davidson, OSB No. 125378
Mackenzie E. L. Wong, OSB No. 214984

*Attorneys for Defendants McKinsey & Company, Inc., and McKinsey Holdings, Inc.*

By:      */s/ Aukjen Ingraham__*

**SCHWABE, WILLIAMSON & WYATT, P.C.**
Aukjen Ingraham, OSB #023338
Email: aingraham@schwabe.com
David A. Anderson, OSB #092707
Email: danderson@schwabe.com
1211 SW 5th Ave, Ste 1900
Portland, OR  97204
Telephone:  (503) 222-9981

By:      */s/ Tracie J. Renfroe__*

**KING & SPALDING LLP**
Tracie J. Renfroe (*pro hac vice forthcoming*)
Email: trenfroe@kslaw.com
1100 Louisiana St, Ste 4100
Houston, TX  77002
Telephone:  (713) 751-3214

By:      */s/ Oliver P. Thoma__*

**WEST WEBB ALLBRITTON & GENTRY, P.C.**
Oliver P. Thoma, Texas Bar #24093253
Email: oliver.thoma@westwebblaw.com
1515 Emerald Plaza
College Station, TX  77845
Telephone:  (979) 694-7000

*Attorneys for Defendant Motiva Enterprises LLC*

By:      */s/ William M. Sloan__*

William M. Sloan
**VENABLE LLP**
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 343-4490
Facsimile: (415) 653-3755
E-mail: WMSloan@venable.com
*(Pro Hac Vice Application In Process)*

*Attorneys for Defendant PEABODY ENERGY CORPORATION*

40-    DEFENDANTS' OBJECTIONS TO FINDINGS AND
       RECOMMENDATIONS

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  +1.503.727.2000
Fax:  +1.503.727.2222